**Rosemary M. BOWSER**

v.

**McDONALD'S CORPORATION.**

**Civ. A. No. H–87–0153.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 2, 1989.

Winston R. Webster, Houston, Tex., for plaintiff.

A.J. Harper II, Fulbright & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

DeANDA, Chief Judge.

On October 30, 1986 Plaintiff Rosemary M. Bowser brought the above referenced

diversity action against Defendant McDonald's Corporation, pursuant to state law, for wrongful termination, breach of written and oral employment contract, breach of covenant of good faith and fair dealing, and libel. Defendant answered and filed both a motion for summary judgment and a supplemental motion for summary judgment. Plaintiff responded to the first motion and subsequently amended her complaint, in response to a Court order, to delete a claim of tortious outrage and to attempt to specify acts of alleged slander in the face of a challenge by Defendant. Now, after reviewing the record and the applicable law, for the reasons set forth below the Court concludes that Defendant's motions for summary judgment should be granted.

Plaintiff was employed by Defendant from 1982 until 1985. After an initial thirty-day probation period, she became a "permanent" employee assigned to the management staff. By the time of her discharge on June 15, 1985, she had been promoted beyond the rank of store manager to that of general manager of two stores. On June 5, 1985 she was suspended, pending investigation, after various of her crew employees accused her of stealing cash out of register drawers. She was terminated ten days later allegedly for failure to follow established procedure and company policy for handling money. McDonald's employees are prohibited from pocketing cash receipts during regularly required "skimming" of cash registers. Instead, they are supposed to note the amount of money removed on, and to place those funds into, a record envelope.

As a "permanent" employee who had been promised that if she worked hard, she would have a long, opportunity-filled future with McDonald's, Plaintiff claims that she could not be terminated without good cause. She further alleges that, shortly before her termination, her regional manager orally promised her that if her work proved satisfactory, she would be promoted in ninety days. Plaintiff also contends that in firing her, Defendant violated its official policy of due process, as set out in its handbook entitled "Employee Safety Security, and Personal Conduct Policy." This manual states that any violation of the skimming procedure should first warrant a written warning; a second violation should be disciplined by a week's suspension without pay; and a third infraction should result in termination. Plaintiff claims that she received no written warning. Plaintiff also asserts that Defendant's failure to provide her with a letter stating the reasons for her discharge violated Texas law.

Moreover, Plaintiff argues that her wrongful discharge constituted "a breach of the covenant of good faith and fair dealing by one in the superior position of employer."

Finally, Plaintiff alleges generally that Defendant's management staff damaged her reputation by telling other employees that she had been fired for theft and by conveying the same false information to her prospective employers.

The purpose of a summary judgment procedure "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed.R. Civ.P. 56, Advisory Committee Note on the 1963 amendments to Rule 56(e). The United States Supreme Court, in a trilogy of landmark cases in 1986, encouraged federal district courts to use summary judgment more frequently and economically by changing the movant's burden of production, by permitting burdens of proof applicable at trial to be considered earlier at a post-discovery but pre-trial juncture, under the standard for a directed verdict, and by allowing qualitative review of evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Rule '56 expressly provides that a court should grant summary judgment if: (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. In *Celotex,* the Supreme Court elaborated: "[T]he

plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. In such a situation there can be no genuine issue of material fact because "[a] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. at 2553.

Thus the movant need only show an absence of evidence in support of the nonmovant's case; the movant need not submit any evidence in support of his motion. *Id.* at 323, 106 S.Ct. at 2553.

To oppose a motion for summary judgment, the nonmovant must provide summary judgment proof identifying "specific [material] facts that show there is a genuine issue for trial"; more than a mere "metaphysical doubt" or "scintilla of evidence" is required. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356; *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512; *St. Amant v. Benoit,* 806 F.2d 1294, 1296–97 (5th Cir. 1987); *see generally* Schwarzer, *Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465 (1984).

The district court should evaluate the substantive law underlying the nonmovant's cause of action in determining which facts are material or are irrelevant and in testing the sufficiency of evidence to see if a reasonable jury could find in the nonmovant's favor. *Matsushita,* 475 U.S. at 585–86, 106 S.Ct. at 1355–56; *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *St. Amant,* 806 F.2d at 1297. The Supreme Court further stated that "if the factual context renders [the nonmovants'] claims implausible, ... [they] must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. The Supreme Court has reiterated that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson,* 106 S.Ct. at 2510.

Once the district court concludes that there are no genuine issues of material fact, it must determine if the moving party is entitled to judgment as a matter of law. The applicable standard mirrors that of a directed verdict under Fed.R.Civ.P. 50(a): the Court "must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson,* 106 S.Ct. at 2511.

In the instant case, Plaintiff has the burden of persuasion at trial. Defendant has demonstrated in its motions for summary judgment that Plaintiff's evidence is insufficient to establish an essential element of each of her claims: wrongful discharge, breach of contract, breach of covenant of good faith and fair dealing, and defamation.

■ There is no dispute that Plaintiff's employment by Defendant was "at-will", as expressly provided in the corporation's handbook, and was for an indefinite term. Texas law embraces the doctrine of at-will employment, according to which any party in an employment relationship without a fixed term and absent a specific contract term to the contrary may terminate that relationship with or without cause. *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888); *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843, 846 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Lumpkin v. H & C Communications, Inc.,* 755 S.W.2d 538, 539 (Tex.App. —Houston [1st Dist.] 1988, no writ); *Manning v. Upjohn Co.,* 862 F.2d 545 (5th Cir.1989).

In alleging wrongful termination and breach of employment contract, Plaintiff must prove that she and her employer had a written contract specifically stating that there is no right to termination at will. *Lumpkin,* 755 S.W.2d at 539; *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.). Where, as here, there is no express limitation in a written employment contract upon the employer's right to discharge an

at-will employee, the employer may terminate the employment whenever he chooses for whatever reason he chooses. *Langford v. Home for Aged Masons,* 617 S.W.2d 778, 780 (Tex.Civ.App.—Ft. Worth 1981, no writ).

█ The requirement of a written contract arises out of the statute of frauds, which mandates that to be enforceable, there must be a writing for "an agreement which is not to be performed within one year from the date of making." Tex.Bus. & Com.Code Ann. § 26.01(b)(6) (Vernon 1987); *Stiver,* 750 S.W.2d at 846.

Not only was Plaintiff's alleged original, written "contract" silent about the term of employment, but the employee handbook at issue expressly states that employment is "at-will." Under Texas law, even if they expressly limit an employer's right to discharge, employee manuals are insufficient memoranda to satisfy the statute-of-frauds writing requirement. *Benoit,* 728 S.W.2d at 407; *Molder v. Southwestern Bell Telephone Co.,* 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536, 539 (Tex.App.—Corpus Christi 1982, no writ). Also under Texas law, an employee handbook does not constitute an employment contract and may not impose by implication a contractual restriction on an employer of at-will employees. *Benoit,* 728 S.W.2d at 407; *Webber v. M.W. Kellogg Co.,* 720 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Berry v. Doctor's Health Facilities,* 715 S.W. 2d 60 (Tex.App.—Dallas 1986, no writ); *Totman v. Control Data Corp.,* 707 S.W. 2d 739, 744 (Tex.App.—Fort Worth 1986, no writ); *Vallone v. AGIP Petroleum Co.,* 705 S.W.2d 757, 759 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Joachim v. AT & T Information Systems,* 793 F.2d 113, 114 (5th Cir.1986). Plaintiff has failed to produce any express, written contract indicating a modification of the Texas at-will doctrine.

█ Because there is no "special" fiduciary relationship between the parties, Plaintiff's dependent claim of breach of covenant of good faith and fair dealing in her employment contract is not cognizable under Texas law. *See, e.g., Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987) (unanimously held that no implied covenant of good faith and fair dealing exists generally in contractual relationships); *Watson v. Zep Mfg. Co.,* 582 S.W.2d 178, 180 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Refusing to recognize a tort cause of action that arises out of a wrongful breach of contract, the Texas Supreme Court has clearly stated that "where the duty imposed upon the defendant arises purely by virtue of a contract, the action for a breach must necessarily be in contract." *Printing Pressmen v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 736 (1946). Any tort claim must be independent of a contract claim to warrant compensatory and exemplary damages. *See, e.g., Amoco Production Co. v. Alexander,* 622 S.W.2d 563, 571 (Tex.1981).

█ The statute of limitations for libel and slander is one year. *Tex.Civ.Practice & Remedies Code* § 16.002 (Vernon 1986). Such a cause of action accrues when the injury occurs. Limitations begins to run when a plaintiff learns of, or in the exercise of reasonable diligence should have discovered, the wrong giving rise to the suit. *See, e.g., Citizens State Bank of Dickinson v. Shapiro,* 575 S.W.2d 375, 380 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.)

Plaintiff filed this action on October 30, 1986 and alleged damage to her reputation from Defendant's communication to other McDonald employees and to prospective employers that she was a thief. In her initial pleadings, Plaintiff failed to specify any individuals or incidents to support her vague allegations.

Defendant's original motion for summary judgment relied upon Plaintiff's testimony during two separate depositions that after mid-October 1985, when she was hired by a furniture store, that she had no further discussions with employers or McDonald employees about her termination by Defendant. Accordingly, her defamation claim is time-barred. The only exception noted was a communication with James English, a McDonald's supervisor. Be-

cause there was no publication to a third-party, the discussion between Plaintiff and English cannot support a libel claim. *Lyle v. Waddle*, 144 Tex. 90, 188 S.W.2d 770, 772 (1945). Furthermore, Defendant correctly noted that internal corporate communication is not actionable when the alleged slander was solicited by Plaintiff. *See, e.g., id.*, 144 Tex. at 94, 188 S.W.2d at 772; *Duncantell v. Universal Life Ins. Co.*, 446 S.W.2d 934, 937 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

Plaintiff claims that the deposition questions and answers, attached as proof to Defendant's summary judgment motions, did not permit her to discuss material facts supporting her suit and that she was not aware of the defamation until within a year of her filing her complaint. Furthermore, she attached to her response an affidavit, which patently contradicts her earlier statements in the depositions in a a number of significant ways. *Inter alia*, that affidavit states that she sought employment outside of the fast-food industry in November 1985, shortly after filing this suit, and only then learned of the alleged slander through conversations with prospective employers.

■ The nonmovant in a motion for summary judgment may not manufacture a disputed material fact nor defeat a summary judgment by an affidavit that directly controverts, without explanation, his previously sworn testimony. *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir.1984); *Kennett–Murray Corp. v. Bone*, 622 F.2d 887 (5th Cir.1980); *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 861 (7th Cir.1985). Nor may vague allegations and legal conclusions, such as those in Plaintiff's pleadings and affidvait, satisfy her burden of proof so as to preclude summary judgment. *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857 (5th Cir.1986); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir.1986).

Thus the Court finds Plaintiff has failed to satisfy her burden of production that there is a genuine issue of material fact for trial nor provided significant probative evidence to satisfy the elements of her alleged causes of action. Accordingly, the Court

ORDERS that Defendant's original and supplemental motions for summary judgment are GRANTED and that final judgment shall be entered in favor of Defendant and against Plaintiff. The Court further

ORDERS that Defendant's request for sanctions is DENIED.