**Ana Maria GARCIA, Plaintiff,**

v.

**WEBB COUNTY DISTRICT ATTORNEY, et al., Defendants.**

**Civ. A. No. L–89–134.**

United States District Court, S.D. Texas. Laredo Division.

April 12, 1991.

Charles C. Smith, Corpus Christi, Tex., for plaintiff.

Fausto Sosa, Laredo, Tex., for 341st Judicial Dist., 49th Judicial Dist. and Webb County Dist. Atty.

Sharon Trigo, Laredo, Tex., for Julio Garcia.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

By order of this Court on December 18, 1990, Defendant Julio Garcia's motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., was converted into a motion for summary judgment. Plaintiff Ana Maria Garcia has filed four claims in the pending action. Her first claim under Title VII of the Civil Rights Act of 1964 is against Jose Rubio, the District Attorney for Webb County, in his official capacity, which claim is not addressed in this memorandum. Ms. Garcia's other three claims, sounding in § 1983 (First Amendment), intentional infliction of emotional distress, and breach of the duty of good faith and fair dealing, are against Julio Garcia, the former District Attorney for Webb County. This order will address these three claims against Defendant Garcia.

**Statute of Limitations.** Although not raised in his motion, Defendant Garcia asserts in his answer that the claims against him are barred by the Texas statute of limitations. Federal law does not provide a statute of limitations for § 1983 actions but instead looks to the state statute of limitations applicable to the facts of the claim presented. *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir.1990). In Texas, the applicable limitations period is two years. *Id.* Here, Ana Maria Garcia claims violation of her First Amendment rights due to her termination by Julio Garcia allegedly for her protected speech activity; therefore, the limitation period would run from her discharge which occurred on September 8, 1988. As Ana Maria Garcia's original complaint was filed December 28, 1989, and Julio Garcia was added as a party Defendant on April 11, 1990, it is clear that the statute of limitations for Ms. Garcia's § 1983 claim had not run and her claim is not barred. Plaintiff Garcia's other two state law claims, for intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing, would also be governed by the two-year statute and would not be barred.

*Federal Jurisdiction.* Defendant Garcia moves to dismiss for lack of federal jurisdiction. This contention is frivolous. Plaintiff Garcia invokes federal civil rights statutes and pendent jurisdiction over state claims.

**Absolute Immunity.** Defendant Garcia next asserts that he is protected by immunity against all claims. Although he does not elaborate, he presumably refers to the absolute immunity protection given to prosecutors. *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976) ("In initiating a prosecution and in presenting the state's case, the prosecutor is immune from a civil suit for damages under § 1983"). However, decisions subsequent to *Imbler* have made clear "that state prosecutors are not entitled to absolute immunity when they perform functions other than their quasi-judicial functions of 'initiating prosecutions and presenting the state's case.'" *Marrero v. City of Hialeah,* 625 F.2d 499, 507 (5th Cir.1980) (quoting *Imbler, supra*). Indeed, the Fifth Circuit has made clear that a prosecutor does not enjoy absolute immunity for "administrative or investigatory functions that are not an integral part of the judicial process." *Rykers v. Alford,* 832 F.2d 895, 897 (5th Cir.1987). Thus absolute immunity is not a protection to Defendant Garcia in his role as an employer; at best, Defendant Garcia has only qualified immunity for his alleged misbehavior in the instant case.

*Qualified Immunity.* Plaintiff Ana Maria Garcia claims to have been harassed and eventually terminated because of her attempts to bring to the attention of then-District Attorney Julio Garcia irregularities

in the employment practices in the District Attorney's Office. Among the alleged irregularities raised by Ms. Garcia were: 1) issuance of firearms to non-law enforcement personnel; 2) employee absences without proper notification; 3) political campaigning by staff members during working hours; 4) failure of some employees to discharge their responsibilities; 5) use of seized vehicles by office personnel for personal uses; and 6) use of office telephone for personal purposes. Plaintiff Garcia contends that these matters were of "public concern" and were the basis for Defendant Julio Garcia's termination of her employment.

At the time of Plaintiff's discharge, the First Amendment rights of an employee to speak out on a matter of public concern were clearly established. Thus, a reasonably objective public official would have known that termination of an employee for her speech concerning misconduct by public officials would violate a clearly established constitutional right and qualified immunity would not be available. *Brawner v. City of Richardson*, 855 F.2d 187, 192–93 (5th Cir.1988). Defendant Garcia makes no effort to address the public nature of Plaintiff's speech or whether that speech disrupted normal office operations. Instead, the focus of his motion is that he discharged Plaintiff solely for poor job performance. The summary judgment evidence clearly shows a genuine issue of fact on this point, however, preventing granting of summary judgment. *Id.* at 193.

*Intentional Infliction of Emotional Distress.* Defendant's motion generally asserts that Plaintiff's amended complaint fails to state a cause of action. For Plaintiff Garcia to prevail on a claim for intentional infliction of emotional distress under Texas law, she must establish that:

1) the defendant acted intentionally or recklessly;

2) the conduct was "extreme and outrageous;"

3) the actions of the defendant caused the plaintiff emotional distress; and

4) the emotional distress suffered by the plaintiff was severe.

*Dean v. Ford Motor Credit Company*, 885 F.2d 300, 306 (5th Cir.1989). According to the Fifth Circuit, outrageous conduct "surpasses all possible bounds of decency, such that it is utterly intolerable in a civilized community." *Id.* Clearly the showing necessary to demonstrate that conduct was "extreme and outrageous" and that the emotional distress inflicted was "severe" is indeed high. Viewing Plaintiff Garcia's allegations in their most favorable light, the Plaintiff has not met these standards.

*Covenant of Good Faith and Fair Dealing.* Under Texas law, employees of a prosecuting attorney are "at will" employees, subject to termination for any reason or no reason. Tex.Gov't Code Ann. § 41.105 (Vernon 1988). Despite being an employee at will, the Plaintiff contends that her termination by Defendant Garcia violated an implied covenant of good faith and fair dealing inherent in their employer-employee relationship. This argument fails as a matter of law.

Texas courts have not imposed a contractual covenant of good faith and fair dealing in every contract. *English v. Fischer*, 660 S.W.2d 521 (Tex.1983). Such a duty arises only by express contractual language or where "a special relationship of trust and confidence" exists between the parties. *Jhaver v. Zapata Offshore Company*, 903 F.2d 381, 385 (5th Cir.1990). Plaintiff alleges neither. To date, no Texas court has recognized any duty of good faith and fair dealing in an employment relationship. *Caton v. Leach Corp.*, 896 F.2d 939, 948–49 (5th Cir.1990) ("Texas courts do not recognize the employment relationship as warranting the tort duty of good faith"); *Bowser v. McDonald's Corp.*, 714 F.Supp. 839, 841–42 (S.D.Tex.1989) (duty of good faith and fair dealing inapplicable in at-will employment relationship under Texas law); *McClendon v. Ingersoll–Rand Company*, 757 S.W.2d 816, 819–20 (Tex.App.—Houston 1988) (implied covenant of good faith and fair dealing inapplicable to employer-employee relationship), *rev'd on other grounds*, 779 S.W.2d 69, 71 (Tex.1989), *rev'd on other grounds* — U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (claim for

wrongful discharge preempted by ERISA); *Lumpkin v. H. & C. Communications, Inc.*, 755 S.W.2d 538, 540 (Tex.App.—Houston 1988) (implied covenant of good faith and fair dealing inapplicable in at-will employment relationship). Plaintiff alleges no facts that would establish a claim under Texas law for a breach of an implied covenant of good faith and fair dealing.

*Summary.* Plaintiff's claims are not barred by limitations. The Court has jurisdiction over these claims. Defendant Garcia has not established entitlement to qualified immunity on Plaintiff's First Amendment claim, and he does not have absolute immunity. Plaintiff has failed to state a claim for intentional infliction of emotional distress or breach of a covenant of good faith and fair dealing. Plaintiff's Title VII and First Amendment cases are pending trial. No later than May 3, 1991, the parties shall file a scheduling order setting prompt deadlines for concluding discovery and filing the joint pre-trial order.