**TARRANT COUNTY HOSPITAL DISTRICT d/b/a John Peter Smith Hospital, et al., Petitioners,**

v.

**Norma and Thomas LOBDELL, Individually and on Behalf of Their Deceased Son, Harry Edwin Lobdell, III, Respondents.**

No. C–5662.

Supreme Court of Texas.

March 4, 1987.

Rehearing Denied April 15, 1987.

Tim Curry, Criminal Dist. Atty., Sullivan H. Bradley, Jr. and Dalton Gandy, Dist. Atty.'s Office, D. Michael Wallach and Tim G. Sralla, Shannon, Gracey, Ratliff & Miller, Fort Worth, for petitioners.

R. Louis Bratton, Gibbins, Burrow & Bratton, Austin, for respondents.

PER CURIAM.

This cause raises the issue of whether a wrongful death action can be brought under the Texas Wrongful Death Act, TEX. REV.CIV.PRAC. & REM.CODE ANN. § 71.002 (Vernon 1986), when a viable fetus is negligently killed. The trial court granted the defendant's motion for summary judgment on the ground that the wrongful death statute did not allow a cause of action for the intrauterine death of a fetus. The court of appeals construed the statute as allowing such a cause of action and therefore reversed and remanded the cause for trial. 710 S.W.2d 811. Subsequent to the court of appeals opinion, this Court held that "no cause of action may be maintained for the death of a fetus under the wrongful death statute until the right to bring such action is afforded by the legislature." *Witty v. American General Capital Distributors, Inc.,* 727 S.W.2d 503, 506 (1987).

Therefore, because the judgment of the court of appeals conflicts with a prior decision of this Court, we grant the petitioners' applications for writ of error. Pursuant to TEX.R.APP.P. 133(b), without hearing oral argument, the majority of the court reverses the judgment of court of appeals and affirms the judgment of the trial court.