Ted LUMPKIN, Appellant,

v.

H & C COMMUNICATIONS, INC. and Harry Schultz, Individually, Appellees.

No. 01–87–00841–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 1988.

Rehearing Denied Aug. 18, 1988.

J.W. "Don" Johnson, Johnson & Artiz, Houston, for appellant.

James M. Neel, Joseph G. Galagaza, Houston, for appellees.

Before WARREN, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This appeal from the granting of a summary judgment stems from a suit for wrongful discharge brought by the appellant, Ted Lumpkin. The trial court granted appellees' motion for summary judgment on the ground that the appellant failed to state a cause of action.

In a single point of error, Lumpkin urges that the trial court erred in granting the summary judgment because there is, or should be, an implied covenant of good faith and fair dealing inherent in the employer-employee relationship. He asserts that this covenant, applied to the instant case, would give rise to genuine issues of material fact worthy of development at trial.

To sustain a summary judgment, the movant must establish as a matter of law that no genuine issues of material fact exist. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any of the theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

Appellant acknowledges that Texas has a long history as an employment-at-will state, and that the "at-will" rule is followed by Texas courts. *East Line & RRR Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888). Appellees concede that both the Legislature and the Texas Supreme Court have created certain exceptions to the rule of at-will employment, but urge that no exception is applicable here. *See Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985).

This Court addressed the issue of wrongful discharge in the context of the employment-at-will doctrine in *Molder v. Southwestern Bell Telephone Co.*, 665 S.W.2d 175 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), where we stated that, absent a specific contract term to the contrary, the doctrine allows an employee to be fired or to quit without liability on the part of the employer or employee, with or without cause.

To establish a cause of action for wrongful termination, an employee must prove that: (1) he and his employer had a contract that specifically provided that the employer did not have the right to terminate the employment contract at will; and (2) the employment contract was in writing. *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 127 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Review of the summary judgment evidence before us shows that appellant was employed only by appellee, H & C Communications, Inc. His employment was for no fixed term and was upon no written agreement; it provided no limitation on either the employee's or his employer's right to terminate the employment relationship at any time, with or without cause or reason. The appellant makes no contention that the record includes any express contract, written or oral, nor does he allege a special circumstance based on any of the exceptions to the general "at-will" rule. *See Vallone v. Agip Petroleum Co.*, 705 S.W.2d 757 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Accordingly, the granting of the summary judgment was proper. *See Benoit v. Polysar Gulf*

*Coast, Inc.,* 728 S.W.2d 403 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.).

Appellant's contention that this Court should recognize and enforce an implied covenant of good faith and fair dealing in the employer-employee relationship is not a proper matter for our consideration. An intermediate court is duty-bound to follow the Texas Supreme Court's authoritative expressions of the law and to leave changes in the application of common law rules to that court. *See Swilley v. McClain,* 374 S.W.2d 871, 875 (Tex.1964); *Bruno v. Bruno,* 589 S.W.2d 179 (Tex.Civ. App.—Waco 1979, writ ref'd n.r.e.). This Court must recognize and apply the Texas Supreme Court's deliberate statement of the law and, by exercising judicial self-restraint, refrain from extending or restricting the scope of the supreme court's declaration. *See Watson v. Zep Mfg. Co.,* 582 S.W.2d 178, 180 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.

LEVY, J., dissents.

LEVY, Justice, dissenting.

Once again, this case demonstrates the harshness of the "employment-at-will" doctrine. The material facts here are undisputed. Appellant was employed by KPRC Radio for almost 17 years, ultimately becoming a vice-president and sales manager when, in October 1986, he was fired without warning, explanation, criticism, or good cause. Seventeen years of loyal and competent service deserve more protection from the law than what this archaic, judicially created doctrine has provided—which is nothing.

Other states have judicially adopted in employment relationships the "implied covenant of good faith and fair dealing," which would repair this gaping hole in our jurisprudence and bring us into the realities of 20th century industrial life. I hope that Texas will not be the last to repudiate the harsh "at-will" doctrine; this case would certainly seem to be an appropriate one to begin the transition.

I have set forth my views on this problem at length in *Dech v. Daniel, Mann, Johnson, and Mendenhall,* 748 S.W.2d 501, 503 (Tex.App.—Houston [1st Dist.] 1988, no writ); and *Little v. Bryce,* 733 S.W.2d 937, 939 (Tex.App.—Houston [1st Dist.] 1987, no writ), neither opinion, alas, being the majority. No useful purpose would be served in repeating what I said therein, but perhaps I may be excused for reiterating a strongly felt principle proclaimed by the United States Supreme Court in 1886, in an obviously different context, but applicable nonetheless:

> [T]he nature and the theory of our institutions of government ... do not mean to leave room for the play and action of purely personal and arbitrary power ... For the very idea that one man may be compelled to hold his life, or the means of living, or any material right essential to the enjoyment of life, at the mere will of another, seems to be intolerable in any country where freedom prevails....

*Yick Wo v. Hopkins,* 118 U.S. 356, 369–70, 6 S.Ct. 1064, 1070–71, 30 L.Ed. 220 (1886).

If we wish to avoid the intolerable situation where "one man may be compelled to hold ... the means of living ... essential to the enjoyment of life, at the mere will of another," we should consider the "good faith and fair dealing" doctrine, and how it might equitably apply to all contracts, but particularly employment contracts, and the hiring and termination procedures in contemporary commercial activities.

I disagree somewhat with the majority's assertion that recognition and enforcement of the "implied covenant of good faith and fair dealing ... is not a proper matter for our consideration." Rule 90(c) of Texas Rules of Appellate Procedure states in pertinent part as follows:

> An opinion by a court of appeals shall be published only if ... it is one that ... (2) involves a legal issue of continuing public interest; [or] (3) criticizes existing law ...

To the extent that the majority's assertion overlooks or dilutes the notion that

improvement and progress in the law *must* have their genesis in criticism of the existing order, I think that such assertion is in conflict with rule 90(c).

For the foregoing reasons, I respectfully dissent.