Terry Lee BLACKMAN, Julie Barnes Webb, and Claudia Webb Blackman, Petitioners,

v.

Alice Foxworth LANGFORD and Mark Edward Langford, Sr., Individually, and as Parents of their Deceased Child, Robert Benjamin Langford, Respondents.

No. D–0130.

Supreme Court of Texas.

Sept. 19, 1990.

of the court of appeals and affirms the judgment of the trial court.

Ruben Hope, W. Scott Coleman, Conroe, for petitioners.

B.D. Griffin, Conroe, T. Gerald Treece, Houston, for respondents.

PER CURIAM.

This cause once more presents the issue of whether a wrongful death and survival action can be brought when a viable fetus is subsequently stillborn. Tex.Rev.Civ. Prac. & Rem.Code Ann. §§ 71.002 & 71.021 (Vernon 1986). The trial court granted the defendants' motion for summary judgment on the ground that the wrongful death and survival statutes do not permit a cause of action for the death of a fetus. The court of appeals construed the statutes as allowing a cause of action and therefore reversed the trial court's judgment and remanded the cause for trial. 790 S.W.2d 127 (1990). We have held that "no cause of action may be maintained for the death of a fetus under the wrongful death statute until the right to bring such action is afforded by the legislature." *Witty v. American Gen. Capital Distrib.*, 727 S.W.2d 503, 506 (Tex.1987); *Tarrant County Dist. Hosp. v. Lobdell*, 726 S.W.2d 23 (Tex.1987) (per curiam).

The judgment of the court of appeals conflicts with prior decisions of this Court. Pursuant to Tex.R.App.P. 170, we grant petitioners' application for writ of error and without hearing oral argument a majority of the Court reverses the judgment