**John H. COCKRELL, Jr., Appellant,**

v.

**REPUBLIC MORTGAGE INSURANCE COMPANY and Secor Bank, Federal Savings Bank, Successor by Merger to Coosa Federal Savings and Loan Association, Appellees.**

**No. 05–90–01338–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 26, 1991.

Johnette Oden, Dallas, for appellant.

Harriet L. Langston, Rodney H. Lawson, Jeffrey C. Mateer, Dallas, for appellees.

## OPINION

Before STEWART, KINKEADE, and BURNETT, JJ.

BURNETT, Justice.

John H. Cockrell, Jr., defendant and third-party plaintiff in the court below, appeals a summary judgment entered in favor of the plaintiff Republic Mortgage Insurance Company (RMIC) and the third-party defendant Secor Bank, F.S.B., as the successor by merger to Coosa Federal Savings and Loan Association (Secor). RMIC brought suit against Cockrell for the deficiency on eleven promissory notes assigned to it by Coosa. Cockrell brought a cross-action against Secor as Coosa's successor. In two points of error, Cockrell asserts that the trial court erred in granting RMIC's summary judgment because (1) RMIC's summary judgment evidence was legally insufficient to support RMIC's claim, and a genuine issue of material fact existed as to whether Cockrell was liable to RMIC for an unpaid deficiency balance on a debt owed to Coosa, and (2) RMIC's rights as subrogee were limited to the rights of Secor as Coosa's successor and a genuine issue of material fact existed as to Secor's rights against Cockrell. In three points of error, Cockrell asserts that the trial court erred in granting Secor's summary judgment because (1) Secor's affirmative defense of the *D'Oench, Duhme* doctrine of equitable estoppel did not bar Cockrell's claims, (2) Secor's defenses of res judicata, collateral estoppel, or law of the case did not bar Cockrell's claims, and (3) Coosa owed a duty to deal fairly and in good faith with Cockrell.

We overrule Cockrell's points of error one and two with regards to the interlocutory summary judgment granted for RMIC. We sustain Cockrell's points of error three and four regarding Secor's affirmative defenses to Cockrell's fraud claim. We overrule the fifth point of error regarding any implied duty of good faith and fair dealing. We affirm the trial court's summary judgment for RMIC. We affirm in part the summary judgment for Secor on Cockrell's claim for the breach of duty of good faith and fair dealing, and reverse in part the summary judgment granted to Secor on Cockrell's fraud claim. We remand this cause to the trial court for further proceedings consistent with this opinion.

## FACTS

In August 1982, Cockrell obtained forty-three mortgage loans from TriTexas, elev-

en of which form the basis of this suit (the notes). The notes were secured by deeds of trust to the properties. In September 1982, TriTexas assigned the notes and any beneficial interests it had to Coosa, but remained as servicing agent. Cockrell defaulted on the notes. TriTexas made demand on Cockrell and notified him of its intent to foreclose if payment was not made. TriTexas ordered the substitute trustee to foreclose under the deeds of trust. Coosa bought the properties at foreclosure leaving a $110,830.15 deficiency under the notes. TriTexas then filed a claim for the deficiency against its private mortgage insurance policy with RMIC. RMIC alleges that it paid on the policy and took assignment of the notes from Coosa on or about June 23, 1988. Secor and Coosa merged three months later in September in an FSLIC-assisted transaction. RMIC, as the subrogee of Coosa, sued Cockrell for the deficiency. Cockrell entered a general denial. In April 1989, Cockrell filed his amended answer and original cross-action against Secor. It contained a general denial to RMIC's claim against him and a cross-action against Secor claiming fraud and breach of duty of good faith.

Cockrell based his cross-action on an oral agreement between himself and Coosa. Cockrell asserted that he agreed not to file bankruptcy, and in exchange, Coosa, through its president, agreed to bid the note value of the properties at foreclosure so there would be no deficiency. Cockrell alleged this oral agreement as the basis for the fraud and the breach of the duty of good faith and fair dealing claims against Secor. He sued Secor as Coosa's successor.

In October 1989, RMIC amended its original petition to claim the right to the deficiency as the owner and holder in due course of the notes. On the same day, RMIC moved for summary judgment on the same grounds. On November 6, 1989, Cockrell filed his response alleging special exceptions and objections to the evidence. He contended that a fact issue existed as to whether there was any deficiency due under the notes because of the oral agree-ment. The trial court granted an interlocutory summary judgment to RMIC.

In April 1990, six months after the court granted summary judgment for RMIC, Cockrell filed his answer to RMIC's amended petition. For the first time, he affirmatively pleaded the defense of subrogation against RMIC. Cockrell sought to limit RMIC's rights to Secor's rights, which he contends were limited by fraud and the breach of an implied duty of good faith. Secor answered with a general denial and four affirmative defenses—equitable estoppel under the *D'Oench Duhme* doctrine, res judicata, collateral estoppel, and the law of the case. Secor then moved for summary judgment. In September 1990, the trial court granted Secor's summary judgment.

## RMIC'S SUMMARY JUDGMENT

Summary judgment may be rendered only if the evidence establishes as a matter of law that there is no genuine issue as to any material fact. *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex. 1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

To prevail on the summary judgment, RMIC, as plaintiff-movant, must conclusively prove all of the elements of its cause of action as a matter of law. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); Tex.R.Civ.P. 166a(c). In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to Cockrell will be taken as true, and every reasonable inference indulged in his favor. *Nixon v. Mr. Property Mgmt.,* 690 S.W.2d 546, 548–49 (Tex.1985).

### Sufficiency of RMIC's Summary Judgment Proof

In his first point of error, Cockrell asserts that the trial court erred in granting summary judgment for RMIC. Cockrell argues that RMIC's summary judgment ev-

idence was legally insufficient to support RMIC's claim, and a genuine issue of material fact existed as to whether Cockrell was liable to RMIC for an unpaid deficiency balance on a debt owed to Coosa.

■ In its motion for summary judgment, RMIC pleaded that it was the owner and holder in due course of the notes by virtue of an assignment from Coosa. RMIC also pleaded that it was subrogated to all rights of TriTexas as servicing agent for Coosa. At the time of the summary judgment hearing, Cockrell had only a general denial on file to RMIC's claims. He neither challenged RMIC's claim to holder in due course status, nor raised any other affirmative defenses. Therefore, in order to recover under the notes, RMIC merely had to establish (1) the notes in question, (2) that Cockrell signed the notes, (3) that RMIC was the legal owner and holder of the notes, and (4) that a certain balance was due and owing under the notes. *Clark v. Dedina,* 658 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). RMIC stated that it supported its motion with the affidavits of Terry V. Parrish, RMIC's Vice–President in Charge of Claims for the Western Region of the United States, and Janell Ruiz, an employee of TriTexas, and attached exhibits, including the insurance policy executed between itself and TriTexas. However, RMIC did not submit the Ruiz affidavit. Instead, it submitted the affidavit of Sandra E. King, RMIC's Assistant Claims Manager for the Western Region of the United States.

■ First, RMIC had to establish the notes in question. RMIC submitted photocopies of the notes attached to the Parrish affidavit, in which Parrish swears that the photocopies are true and correct copies of the notes. This constitutes a sworn copy within the meaning of Texas Rule of Civil Procedure 166a(c) and is proper summary judgment evidence. *Life Ins. Co. of Va. v. Gar-dal, Inc.,* 570 S.W.2d 378, 380 (Tex. 1978). RMIC established the notes in question as a matter of law.

■ Second, RMIC had to establish that Cockrell signed the notes. Cockrell entered a general denial after RMIC's first petition, and did not file another answer to RMIC's amended petition until after the grant of the interlocutory summary judgment. Texas Rule of Civil Procedure 93(7) requires that Cockrell enter a verified pleading to deny the execution of a written instrument. In the absence of such a sworn denial, the court receives the instrument into evidence as fully proven. *Bevan v. Zarges,* 645 S.W.2d 589, 590–91 (Tex. App.—El Paso 1982), *rev'd on other grounds,* 652 S.W.2d 368, 369 (1983) (per curiam). In his response to the motion for summary judgment, Cockrell did not deny or attempt to present any evidence that denied his execution of the notes. Since RMIC properly presented sworn copies of the notes and Cockrell did nothing to raise a fact issue on his execution of the notes, RMIC established Cockrell's signature as a matter of law.

■ Third, RMIC had to establish that it was the owner and holder of the notes. The back of the notes show an assignment of the notes from TriTexas to Coosa, and then from Coosa to RMIC without recourse. Texas Rule of Civil Procedure 93(8) requires Cockrell to submit a verified pleading to deny the genuineness of the endorsements on the notes. Cockrell's general denial did not put this fact into issue, and the endorsements are presumed to be genuine. *Guardian Bank v. San Jacinto Sav. Ass'n,* 593 S.W.2d 860, 862–63 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Further, Cockrell did not submit any summary judgment evidence that put the endorsements in issue. Parrish swore, without contravention, that the notes were in his possession. RMIC established, as a matter of law, that it was the owner and holder of the notes.

■ Finally, RMIC had to establish that there was an amount certain due and owing on the notes. RMIC submitted the affidavits of Parrish and King, both employees of RMIC in the claims area. An affiant's position may show how the affiant learned or knew of the facts to which they testify. *Jackson T. Fulgham Co., Inc. v. Stewart Title Guar. Co.,* 649 S.W.2d 128,

■ (Tex.App.—Dallas 1983, writ ref'd n.r.e.). King testified that in her capacity as assistant claims manager she is custodian of and familiar with the records relating to RMIC's claim against Cockrell. She swore that the claim for loss, the notice of intention to foreclose, and the loan histories on the notes were all submitted by TriTexas to RMIC in the regular course of business and it is the regular course of business for RMIC to keep such records. King also swore to a copy of the demand letter sent by Ruiz to Cockrell that reflects the dates that the notes went into default and the sum necessary to bring the notes current. King testified to being familiar with Ruiz's signature, and that the letter was forwarded to RMIC in the regular course of business.

Parrish swore to the notes themselves and attached the insurance policy between TriTexas and RMIC. As the Vice–President in Charge of Claims for the Western Region of the United States, Parrish is competent to attest to such documents. *See Fulgham,* 649 S.W.2d at 130. In addition, RMIC attached the substitute trustee's deeds. Recitals in deeds of trust are prima facie evidence that the terms of the trust have been fulfilled. *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983); Tex.R.Civ.Evid. 902(4). RMIC raised rebuttable presumptions of default, notice of foreclosure, and bid price at foreclosure by submitting the substitute trustee's deeds. Cockrell presented no summary judgment evidence to counter these presumptions.

RMIC included an exhibit that accurately reflected the amounts taken from the notes, the loan histories, and the substitute trustee's deeds to arrive at the deficiency of $110,830.15. Parrish's affidavit states that amount was paid to TriTexas under the terms of the insurance policy. Cockrell complains that Parrish's testimony violates the best evidence rule. Evidence to the effect that a payment has been made is admissible without introduction of the check given in payment. *See Jackman v. Jackman,* 533 S.W.2d 361, 362 (Tex.Civ. App.—San Antonio 1975, no writ) (mother's testimony as to monthly expenses per child did not violate the best evidence rule even though bills and cancelled checks existed). RMIC established as a matter of law that there was a sum certain due and owing under the notes.

Cockrell alleges that, without the Ruiz affidavit, there is no evidence that (1) the notes were made payable to TriTexas at an interest rate of 16.875 percent per annum, (2) TriTexas collected payments on the notes from Cockrell as servicing agent for Coosa, (3) Cockrell failed to pay the notes when due, (4) TriTexas duly accelerated the notes, (5) the foreclosure proceeds were applied to the outstanding balances, and (6) a deficiency remains due and owing on the notes. Cockrell's contentions are without merit. First, the face of the notes recites certain definite amounts that were payable to TriTexas at an interest rate of 16.875 percent per annum. *See Clark,* 658 S.W.2d at 296. Second, the substitute trustee's deeds raised rebuttable presumptions on default, due acceleration, and foreclosure bid price. *See Musick,* 650 S.W.2d at 767. The loan histories, as relied on by RMIC, show payments made by Cockrell. These documents show that a deficiency balance existed. We hold these documents sufficient as a matter of law to show Cockrell's liability to RMIC under the notes.

■ Cockrell excepts and objects to the Parrish and King affidavits alleging that certain statements were mere conclusions or based on hearsay. Essentially, Cockrell contends that the loan histories and foreclosure documents are business records of TriTexas, and therefore can be verified only by the custodian of TriTexas records. Texas Rule of Evidence 803 requires that the prerequisites of the business records exception to the hearsay rule may be "shown by the testimony of the custodian or *other qualified witness* ... unless the source of information or method or circumstances of preparation indicate lack of trustworthiness." Tex.R.Civ.Evid. 803(6) (emphasis added). A document can comprise the records of another business if the second business determines the accuracy of the information generated by the first business. *See Duncan Dev., Inc. v. Ha-*

*ney,* 634 S.W.2d 811, 812–13 (Tex.1982) (subcontractor's invoices became integral part of builder's records where builder's employees' regular responsibilities required them to verify subcontractors' performance and accuracy of the invoices). In this case, persons with knowledge swore that these records were kept in the regular course of RMIC's business as a mortgage insurer and formed the basis of its payment to TriTexas. Nothing in the record or the circumstances concerning the generation of these records indicates a lack of trustworthiness.

We conclude that RMIC established all the necessary elements of its cause of action as a matter of law. Cockrell failed to effectively allege any evidence or affirmative defenses to defeat RMIC's right to payment as holder of the notes. We overrule Cockrell's first point of error.

### RMIC as Subrogee

■■■ In his second point of error, Cockrell asserts that the trial court erred in granting RMIC's summary judgment because RMIC's rights as subrogee were limited to the rights of Secor and a genuine issue of material fact existed as to Secor's rights against Cockrell. Cockrell is not entitled to raise any issue on appeal that was not first raised in the trial court by a specific written response or answer to the motion for summary judgment. This response must be other than an answer generally filed in response to the plaintiff's petition. Summary judgment must be decided on the grounds expressly set out in the motion and the written response or answer. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 676–77 (Tex. 1979).

■■■ In its motion for summary judgment, RMIC alleged its right to payment as owner of the notes. It also alleged that it was subrogated to the rights of TriTexas as servicing agent for Coosa. RMIC's subrogation rights arise from its payment to TriTexas under the insurance policy. Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. *Fleet-*

*wood v. Med Center Bank,* 786 S.W.2d 550, 553 (Tex.App.—Austin 1990, writ denied). A subrogee can have no greater rights than its subrogor. *Anchor Cas. Co. v. Robertson Transport Co.,* 389 S.W.2d 135, 139 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.).

■■■ Cockrell's response alleged that genuine issues of material fact existed as to whether Cockrell owed any deficiency under the notes because of Coosa's promise to bid on the properties for the note value. Cockrell essentially pleaded subrogation as an affirmative defense. However, Cockrell failed to plead this defense until six months after the trial court granted RMIC's summary judgment. Therefore, once RMIC proved its claim as holder of the notes as a matter of law, it was entitled to summary judgment. *See City of Houston v. Socony Mobil Oil Co.,* 421 S.W.2d 427, 430 (Tex. Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). We overrule Cockrell's second point of error. We affirm the trial court's summary judgment for RMIC.

### SECOR'S SUMMARY JUDGMENT

■■■ Secor, as defendant-movant, has a different burden of proof than RMIC, as plaintiff-movant. Secor must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *Clear Creek Basin Auth.,* 589 S.W.2d at 679. Secor must establish an affirmative defense that would bar Cockrell's suit as a matter of law before Cockrell, as non-movant, must produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (citing *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934 (Tex.1972)).

### Equitable Estoppel of the D'Oench, Duhme Doctrine

■■■ In his third point of error, Cockrell asserts that the trial court erred in granting summary judgment for Secor be-

cause Secor is not entitled to judgment as a matter of law on its defense that Cockrell's claims were barred by the doctrine of equitable estoppel. Secor argues that, because it acquired the notes in an FSLIC-assisted merger with Coosa, the *D'Oench, Duhme* doctrine protects it from Cockrell's claims.

The United States Supreme Court based its decision in *D'Oench, Duhme* on the federal policy contained in the statute creating the FDIC "to protect [the FDIC] and the public funds it administers against misrepresentations as to the securities or other assets in the portfolios of the banks which [the FDIC] insures or to which it makes loans." *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 457, 62 S.Ct. 676, 679, 86 L.Ed. 956 (1942) (now codified as 12 U.S.C. § 1823(e) (1989) *as amended by* the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183 (FIRREA)). The Court achieved this purpose by granting a federal holder in due course status to the FDIC when it acquires the assets of a failed institution in receivership. *See, e.g., FDIC v. Wood*, 758 F.2d 156, 157 (6th Cir.1985); 12 U.S.C. § 1823(e) (1989). This protects the FDIC from secret agreements that are not reflected in the failed institution's records. Without the Court's intervention, the FDIC could not achieve the protection of holder in due course status because it acquired a failed institution's assets by bulk transfer, instead of in the regular course of business. *Wood*, 758 F.2d at 158; U.C.C. § 3–302 (1972).

The Fifth Circuit has extended the *D'Oench, Duhme* doctrine to protect the purchasers and "bridge banks" of the FDIC. *Porras v. Petroplex Sav. Ass'n.*, 903 F.2d 379, 380–81 (5th Cir.1990) (purchasers); *Bell & Murphy & Assocs. v. Interfirst Bank Gateway*, 894 F.2d 750, 754–55 (5th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990) (bridge banks as assignees of the FDIC); *FDIC v. Newhart*, 892 F.2d 47, 50 (5th Cir.1989) (purchasers). The *D'Oench, Duhme* doctrine bars affirmative claims against the FDIC as well as defenses.

*Beighley v. FDIC*, 868 F.2d 776, 783–84 (5th Cir.1989). The *D'Oench, Duhme* doctrine, in its common law form, also protects the FSLIC when it acts as receiver. *FSLIC v. Murray*, 853 F.2d 1251, 1253–54 (5th Cir.1988).

The issue before us is whether the *D'Oench, Duhme* doctrine protects a federally-insured institution from a liability when the FSLIC financially aided a merger with another institution. The record shows that Coosa transferred the notes to RMIC but the indorsement is not dated. Parrish testified that RMIC received assignment in June 1988, three months before the merger occurred. The record contains an "Assistance Agreement" in which the FSLIC declared Coosa insolvent, and agreed to financially assist the conversion and merger plan of Secor and Coosa. Secor never proved that it acquired the notes, but it did prove, as a matter of law, that the FSLIC never acquired the notes. We have found no cases, and Secor cites us to none, where the *D'Oench, Duhme* doctrine has been used to protect a federally-insured institution where the institution, not the FDIC or FSLIC in a receivership capacity, acquired a potential liability, instead of an asset. *See Olney Sav. & Loan Ass'n v. Trinity Banc Sav. Ass'n*, 885 F.2d 266, 275 (5th Cir.1989) (in suit based on a loan participation agreement, the FSLIC acquired no asset that could be diminished when it stepped in as conservator after a judgment of rescission). *Cf. FDIC v. F & A Equip. Leasing*, 800 S.W.2d 231, 235 (Tex.App.—Dallas 1990, writ requested); *FDIC/Manager Fund v. Larsen*, 793 S.W.2d 37, 40–41 (Tex.App.—Dallas 1990, writ granted); *FSLIC v. T.F. Stone–Liberty Land Assocs.*, 787 S.W.2d 475, 485 (Tex.App.—Dallas 1990, writ granted) (court allowed the FDIC, as receiver, to assert *D'Oench, Duhme* doctrine for the first time on appeal when it acquired assets after judgment entered against the original institution.)

In his petition, Cockrell alleges that he detrimentally relied on Secor's knowing misrepresentation of its intent to bid the note values at foreclosure. Cockrell based his cause of action on the doctrine of prom-

issory estoppel and fraud. The requisites of promissory estoppel are a promise, foreseeability of reliance thereon by the promisor, and substantial reliance by the promisee to his detriment. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983); RESTATEMENT (SECOND) OF CONTRACTS § 90(1) (1981). A promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing. *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434–35 (Tex.1986). Terms of a promissory note may not be varied or contradicted by parol evidence, but the showing of acts and conduct of the parties subsequent to the execution of a written document does not violate the parol evidence rule. Discharge by means of some performance acceptable to the holder of the obligation may always be shown. *See Dameris v. Homestead Bank,* 495 S.W.2d 52, 55 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ) (issue on whether parties orally agreed that transfer of money and property was accepted by payee in full discharge of maker's obligation under note).

Cockrell asserts against Secor a later, separate agreement not involved in the making of the note. The *D'Oench, Duhme* doctrine was crafted to aid the FDIC's ability to protect the assets of failed banks in purchase and assumption transactions. It was not designed to let every lending institution escape liability for possible fraudulent acts of its officers. The *D'Oench, Duhme* doctrine does not apply in this case and we refrain from extending this doctrine as urged by Secor. It may be able to allege other defenses to defeat Cockrell's allegation of fraud, but the *D'Oench, Duhme* doctrine will not protect it in this situation. We sustain Cockrell's third point of error.

### Res Judicata, Collateral Estoppel, and Law of the Case

In his fourth point of error, Cockrell asserts that the trial court erred in granting summary judgment for Secor because Secor is not entitled to judgment as a matter of law on its defense that Cockrell's claims were barred by res judicata, collateral estoppel, or law of the case. Res judicata is frequently characterized as claim preclusion because it bars litigation of all issues connected with a cause of action or defense that, with the use of proper diligence, might have been tried in the prior suit. When a prior judgment is offered in subsequent litigation in which there is identity of parties, issues and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same cause of action on the theory that they have merged into the judgment. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). Collateral estoppel is narrower than res judicata. It is frequently characterized as issue preclusion because it bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in the prior suit, regardless of whether the second suit is based upon the same cause of action. *Id.*

We give the prior adjudication of an issue estoppel effect only if it was adequately deliberated and firm. We must consider (1) whether the parties were fully heard, (2) whether the court supported its decision with a reasoned opinion, and (3) whether the decision was subject to appeal or was in fact reviewed on appeal. *Mower v. Boyer,* 811 S.W.2d 560 (Tex.1991). The interlocutory summary judgment for RMIC did not meet these criteria. Secor's possible liability to Cockrell was not before the trial court. The trial court did not give a reasoned opinion, and the judgment was not reviewable by appeal. *Mower,* at 562. The trial court's grant of interlocutory summary judgment for RMIC cannot support Secor's plea of res judicata and collateral estoppel because of the lack of identity between parties and issues.

Finally, "law of the case" designates the principle that if an appellate court has passed on a legal question and remanded the cause for further proceedings, the legal question determined by the appellate court will govern the case throughout all its subsequent stages. *Transport Ins. Co. v. Employers Cas. Co.,* 470 S.W.2d 757, 762 (Tex.Civ.App.—Dallas

1971, writ ref'd n.r.e.). This proceeding does not have that legal posture. No prior appellate rulings exist in this case that would govern matters of law. We hold that law of the case does not apply to the cross-action between Cockrell and Secor. We sustain Cockrell's fourth point of error.

### Duty of Good Faith and Fair Dealing

In his fifth point of error, Cockrell asserts that the trial court erred in granting summary judgment for Secor because Secor is not entitled to judgment as a matter of law on its defense that Coosa did not owe a duty to deal fairly and in good faith with Cockrell. A claim for breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract. Whether a duty exists between the parties is initially a question of law. *H.W. Mitchell v. Missouri–Kansas–Texas R.R. Co.*, 786 S.W.2d 659, 661 (Tex.1990).

Texas law does not recognize an implied duty of good faith and fair dealing in every contract or business transaction. *See English*, 660 S.W.2d at 522. Texas courts have carved out exceptions for certain "special relationships" such as those between insurers and insureds, principal and agent, joint venturers, and partners. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987); *Victoria Bank & Trust v. Brady*, 779 S.W.2d 893, 902 (Tex.App.—Corpus Christi 1989), *rev'd on other grounds*, 811 S.W.2d 931 (1991). "Absent an *Arnold* 'special relationship,' the duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *Adolph Coors Co. v. Rodriquez*, 780 S.W.2d 477, 481 (Tex. App.—Corpus Christi 1989, no writ) (no duty of good faith and fair dealing in supplier-distributor relationship); *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (no duty of good faith and fair dealing in an employer-employee relationship).

Two of our sister courts have recently refused to overlay an implied duty of good faith and fair dealing duty in the lender-borrower relationship. *Georgetown Assoc., Ltd. v. Home Fed. Sav. and Loan Ass'n*, 795 S.W.2d 252, 255 (Tex.App.— Houston [14th Dist.] 1990, writ dism'd w.o.j.); *Victoria Bank & Trust Co.*, 779 S.W.2d at 902. Our system permits parties who have a dispute over a contract to present their case for determination of the rights and duties of the parties as embodied in the contract itself. To do otherwise would let each trier of facts decide what is "fair and in good faith" in each contractual situation. *English*, 660 S.W.2d at 522. We agree that the *English* rule continues to apply to commercial contractual relationships, including the lender-borrower relationship. We hold, as a matter of law, Secor has no implied duty of good faith and fair dealing on which Cockrell can base his business tort action.

Cockrell argues that Secor's summary judgment motion was improper because Secor actually attacks the sufficiency of his pleadings. The proper method of such an attack is a special exception. Secor entered a special exception, but failed to set it for hearing. Instead, Secor moved for summary judgment. Cockrell correctly points out that the protective features of a special exception should not be circumvented by a summary judgment motion. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). This rule applies where the plaintiff has alleged the elements of a cause of action, but has failed to plead underlying facts that support the claim. *Id.* However, a trial court properly grants summary judgment where the plaintiff's allegations cannot constitute a cause of action as a matter of law. *See Lumpkin*, 755 S.W.2d at 540 (summary judgment proper where no duty recognized as a matter of law in an employee-employer context). The trial court properly granted Secor's motion for summary judgment because Cockrell's allegations based on a breach of duty of good faith and fair dealing cannot constitute a cause of action as a matter of law. We overrule Cockrell's fifth point of error.

### CONCLUSION

RMIC, as plaintiff-movant, had to establish each element of its cause of action as a

matter of law. RMIC successfully proved its entitlement to payment as the holder of the notes. Secor, as defendant-movant, had to establish its affirmative defenses as a matter of law, or disprove at least one element in each of Cockrell's causes of action. We may not decide whether Secor has other legally effective defenses that it did not plead. It may not gain summary judgment by default. Cockrell had no burden of proof until Secor established its defenses as a matter of law.

We overrule Cockrell's points of error one and two with regards to the interlocutory summary judgment granted for RMIC. We affirm the trial court's summary judgment for RMIC. We sustain Cockrell's points of error three and four regarding Secor's affirmative defenses to his fraud claim. We overrule the fifth point of error regarding any implied duty of good faith and fair dealing. We affirm in part the summary judgment for Secor based on the breach of duty of good faith and fair dealing claim, and reverse in part the summary judgment granted to Secor on the fraud claim. We remand to the trial court for further proceedings consistent with this opinion.