Elaine GROSS and Tommie
Gross, Appellants,

v.

Thomas L. DAVIES, M.D., Appellee.

No. 01–93–01036–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 21, 1994.

Rehearing Denied Sept. 15, 1994.

John H. Holloway, Houston, for appellants.

Barbara A. Hilburn, Houston, for appellee.

Before WILSON, DUGGAN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

Elaine and Tommie Gross (the Grosses) sued Thomas L. Davies, M.D. (Dr. Davies), complaining of acts and omissions allegedly committed by Dr. Davies during his care of Elaine Gross. The trial court granted summary judgment to Dr. Davies on all of the Grosses' claims. We affirm in part and reverse and remand in part.

### The Facts

In their first amended petition, the Grosses brought suit, pursuant to Tex.Civ.Prac. & Rem.Code § 71.002 (Vernon 1986) (the wrongful death statute), and Tex.Civ.Prac. & Rem.Code § 71.021 (Vernon 1986) (the survival statute), "for alleged damages occasioned by the death of two children, a male born on March 8, 1990 and a female born on September 6, 1991, both children allegedly being stillborn at birth."[1] They alleged that Elaine Gross was under Dr. Davies' care when she delivered the stillborn fetuses.

The only cause of action asserted in the petition is negligence. Specifically, the Grosses alleged that Dr. Davies was negligent "in one or more of the following particulars:

a. In failing to apprise the patient of the risks associated with the two pregnancies, and in particular the high risk associated with a repeat of circumstances contributing to the alleged stillbirth of the two children.

b. In failing to adequately monitor and evaluate the patient's condition, and fetal condition, at reasonable times within one month of the estimated time of delivery so as to insure [sic] the well-being of the fetus and to determine the necessity to terminate the pregnancy while the fetus was still viable, if the evidence reflects that the fetus during either pregnancy was subject to demise prior to the actual time that the patient was admitted to the hospital for delivery.

c. In failing to deliver, at a minimum, the second pregnancy handled by the defendant when he knew, or should have known, in the exercise of ordinary care, that the patient was subject to fetal demise at a prior term pregnancy and that such event in the second pregnancy should be avoided by early delivery, associated with adequate and close monitoring of the fetal condition within thirty days prior to the actual delivery."

They further alleged that

[e]ach of the foregoing acts and omissions, taken separately or collectively, constitute a direct and proximate cause of the (a) injuries and death of the children at a time when they were viable fetuses and would have been born alive except for such negligence, and (b) the damages suffered by the patient and her husband as a result of the fetal demise of the two children.

Dr. Davies filed special exceptions and, later, a motion for summary judgment, asserting in both pleadings that Texas law does not permit a recovery for damages for the delivery of a stillborn fetus. The trial court granted both motions; however, the court gave the Grosses an opportunity to replead "if [claims independent of the delivery of the stillborn fetuses] are involved."

The Grosses then timely filed their second amended petition. In that pleading, the Grosses again brought a cause of action against Dr. Davies, pursuant to the wrongful death statute and the survival statute, for negligence. Their allegations of negligence were the same allegations made in their first amended petition. They also sued, however,

---

1. The Grosses state in their brief that, "[f]or appellate purposes, plaintiffs accept ... that the two children were 'stillborn.' ... [T]he hospital- ization records ... state that the children were 'stillborn.'"

for abandonment, fraud, intentional infliction of emotional distress, battery, and breach of oral contract. The Grosses limited these causes of action to "the termination of the second pregnancy." They pled that the facts giving rise to these causes of action were the "proximate cause of both physical injuries and mental anguish to Mrs. Gross, and mental anguish to Mr. Gross."

The trial court rendered final judgment on the pleadings, concluding that "[p]laintiffs have failed to file an amended petition stating a separate claim for injuries to Elaine Gross separate and apart from any injury to or loss of her unborn children pursuant to [the court's order to replead]." There is no summary judgment evidence in our record.

## Standard of Review for Summary Judgment on the Pleadings

■ If the plaintiff, after amending its petition in response to an order sustaining special exceptions, still fails to plead a valid claim, the trial court may grant summary judgment on the pleadings. *Greater S.W. Office Park, Ltd. v. Texas Commerce Bank Nat'l Ass'n*, 786 S.W.2d 386, 388 (Tex.App.— Houston [1st Dist.] 1990, writ denied). When a motion for summary judgment is directed solely to a petition, the reviewing court must take every factual allegation in the petition as true. *Anders v. Mallard & Mallard, Inc.*, 817 S.W.2d 90, 93 (Tex.App.— Houston [1st Dist.] 1991, no writ). If a liberal construction of the petition to which the motion for summary judgment is directed reveals a valid claim, the judgment on the petition should be reversed. *Id.* When the trial court specifies the ground on which it is granting summary judgment, we are limited in our review of the summary judgment to the question of whether it was proper to grant it on that particular ground. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

## Recovery of Damages for the Delivery of a Stillborn Fetus

In points of error one and two, the Grosses contend that the trial court should not have granted summary judgment "on the basis that Texas law prevents the recovery of dam-ages [under the wrongful death and survival statutes, respectively] where an infant (fetus) is stillborn at birth[.]"

■ In Texas, there is no wrongful death or survival cause of action for the death of a fetus. *Pietila v. Crites*, 851 S.W.2d 185, 187 (Tex.1993); *Blackman v. Langford*, 795 S.W.2d 742, 743 (Tex.1990); *Witty v. American Gen. Capital Distribs., Inc.*, 727 S.W.2d 503, 506 (Tex.1987); *Tarrant County Hosp. Dist. v. Lobdell*, 726 S.W.2d 23 (Tex.1987). The Grosses, however, argue that they "cannot accept the legal concept that medical negligence or tortious conduct of some other tortfeasor which is a proximate cause of a baby's stillbirth (death of a viable fetus) does not permit recovery of damages in Texas." They ask us to "reevaluate" the above-cited authorities and decide this issue against their holdings.

While we appreciate the earnestness of the Grosses' argument, we are not permitted to accept their invitation. Even if we agreed with the Grosses, we cannot overrule Supreme Court of Texas authority. *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1988, writ denied). This cause of action cannot be maintained in Texas unless conveyed by the legislature. *Blackman*, 795 S.W.2d at 743; *Witty*, 727 S.W.2d at 506; *Lobdell*, 726 S.W.2d at 23.

We overrule points of error one and two.

## The Grosses' Other Causes of Action

In points of error three and four, the Grosses contend that the trial court erred in granting summary judgment to Dr. Davies on the rest of their claims. They assert that "[t]he death of the baby is wholly immaterial" to these causes of action. We agree.

■ In the trial court's interlocutory summary judgment order, the court gave the Grosses an opportunity to replead "if [claims independent of the delivery of the stillborn fetuses] are involved." In their timely-filed second amended petition, the Grosses brought causes of action for abandonment, fraud, intentional infliction of emotional distress, battery, and breach of oral contract, in

addition to their previously asserted allegations of negligence. They pled that the new causes of action arose "at the time of the termination of the second pregnancy," and that the acts and omissions giving rise to these causes of action were the "proximate cause," not of the stillbirths, but "of both physical injuries and mental anguish to Mrs. Gross, and mental anguish to Mr. Gross."

Although the Grosses alleged that the new causes of action arose "at the time of the termination of the second pregnancy," there is nothing in the Grosses' second amended petition to indicate that the new causes of action flow from the stillbirth *itself*. Rather, it is clear that these claims spring from alleged acts and omissions that occurred before and during the stillbirth, but not actually *from* the stillbirth. For instance, the Grosses assert in the petition that "[p]laintiffs affirmatively allege that at the time of the termination of the second pregnancy ... the defendant abandoned her ... [and] breached the terms of his oral agreement to attend Mrs. Gross...." The fact that the new causes of action arose from alleged acts and omissions that occurred at the time the second pregnancy ended does not mean that the new causes of action flow from the stillbirth.

We agree with the Grosses that whether the fetus lived or died is "immaterial" to these causes of action. The trial court erred in granting summary judgment on the Grosses' claims of abandonment, fraud, intentional infliction of emotional distress, battery, and breach of oral contract.[2]

We sustain points of error three and four.[3]

## Conclusion

We affirm the summary judgment on the Grosses' claims arising out of the stillbirths of the two fetuses, i.e., on their wrongful death and survival claims. The Grosses may not recover, under any cause of action, including negligence, for the stillbirths themselves.

■ We reverse the summary judgment on the Grosses' remaining causes of action and remand the case to the trial court on those claims.[4]

WILSON, J., concurs.

WILSON, Justice, concurring.

I agree with the majority opinion. I write separately to address the Grosses' invitation to (1) "reevaluate" the Supreme Court of Texas opinions that hold that there is no wrongful death or survival cause of action for the death of a fetus, and (2) hold for the Grosses despite these authorities that are squarely against them on this issue.

Supreme court opinions that state there is no wrongful death or survival cause of action for the death of a fetus include *Pietila v. Crites*, 851 S.W.2d 185, 187 (Tex.1993), *Blackman v. Langford*, 795 S.W.2d 742, 743 (Tex.1990), *Witty v. American Gen. Capital Distribs., Inc.*, 727 S.W.2d 503, 506 (Tex. 1987), and *Tarrant County Hosp. Dist. v. Lobdell*, 726 S.W.2d 23 (Tex.1987). Clearly, as the majority states, we cannot "overrule" these cases and hold that such a cause of

2. We considered a similar situation in *Wheeler v. Yettie Kersting Memorial Hosp.*, 866 S.W.2d 32 (Tex.App.—Houston [1st Dist.] 1993, no writ). There, the plaintiff-mother delivered a baby that did not survive the process of his birth. *Id.* at 36. The defendants argued that all of the plaintiffs' causes of action sprang from the death of the baby. *Id.* at 42. We disagreed, holding that the plaintiffs "stated a cause of action ... arising from the defendants' allegedly negligent treatment of [the mother]." *Id.* at 44–45.

3. The trial court specified the ground on which it granted summary judgment: "Plaintiffs have failed to file an amended petition stating a separate claim for injuries to Elaine Gross separate and apart from any injury to or loss of her unborn children pursuant to [the court's order to

replead]." As such, in our review of the summary judgment, we have been limited to the question of whether it was proper to grant it *on this particular ground*. *S.S.*, 858 S.W.2d at 380.

4. Where summary judgment is granted on several causes of action, and the appellate court determines that judgment was proper on some causes of action, but not on others, the court may affirm the judgment on the causes of action on which summary judgment was proper and reverse the judgment on those causes of action on which it was not, remanding the latter causes of action to the trial court. *See Johnson v. Randall's Food Mkts., Inc.*, 869 S.W.2d 390, 401 (Tex.App.—Houston [1st Dist.] 1993, writ requested on other grounds).

action exists. *See Lumpkin v. H & C Communications, Inc.,* 755 S.W.2d 538, 540 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

A careful reading of *Blackman, Witty,* and *Lobdell* indicates that the court has, in my view, properly restrained itself in saying that such a cause of action will not exist unless the legislature *says* it will exist. *See Blackman,* 795 S.W.2d at 743; *Witty,* 727 S.W.2d at 506; *Lobdell,* 726 S.W.2d at 23.[1] These opinions do not stand for the proposition that we should not have this cause of action as a matter of policy. Instead, the supreme court's rulings reflect the court's unwillingness to substitute its opinion on the question of whether the cause of action should exist in Texas until the people, through the legislature, address the question. The court noted in *Witty* that a wrongful death cause of action is "purely a creature of statute." 727 S.W.2d at 504. It should therefore be left to the legislature—the body that created the statute in the first place—to determine whether Texas citizens will have a wrongful death or survival cause of action for the death of a fetus.

As indicated above and in the majority opinion, we must decline the Grosses' invitation. However, to the degree that their invitation may be construed as an attempt to raise the issue again and have it decided once and for all, I ask the *legislature* to accept the Grosses' invitation and address the matter. It is time for the Grosses and others like them to have a firm answer from the one body that can rightly provide it.[2]

---

1. In *Pietila,* the court reiterated that "there is no wrongful death or survival cause of action for the death of a fetus," but did not address the merits of such a cause of action or discuss the legislature. 851 S.W.2d at 187. That case mainly concerned the difference between mental anguish as an element of damages in a common law negligence case and "the notion of mental anguish as a separate and independent claim." *Id.*

2. For the view that the supreme court could and should act to include a fetus within the Wrongful Death Act, see Justice Dunn's concurring and dissenting opinion in *Witty v. American Gen. Capital Distribs., Inc.,* 697 S.W.2d 636, 641–47 (Tex. App.—Houston [1st Dist.] 1985), *rev'd in part and aff'd in part,* 727 S.W.2d 503 (Tex.1987).