### Carolyn Anne BROWN

v.

### Dr. Vernon C. SHAFFER, M.D.

### No. 06–96–00027–CV.

Court of Appeals of Texas,
Texarkana.

March 14, 1997.

Ernest Cochran, Lesher & Cochran, Texarkana, for appellant.

John R. Mercy, Louise Tausch, Atchley, Russell, Waldrop, Texarkana, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Carolyn Anne Brown sued Dr. Vernon C. Shaffer for negligence and intentional infliction of emotional distress. Shaffer filed a motion for summary judgment. The trial court granted the summary judgment. Brown appeals the summary judgment on the intentional infliction of emotional distress cause of action only. She does not appeal the summary judgment on the negligence cause of action.

After a 1985 tubal ligation, Brown had a history of pubic abscesses, continued to have significant complaints, and was seen by Shaffer for dyspareunia, dysmenorrhea, and hypermenorrhea. During the course of her treatment by Shaffer, Brown changed her mind several times about whether to have a hysterectomy.

August 24, 1992, Brown was seen for pre-operative counseling for a hysterectomy. The morning of August 25, she arrived at the hospital. Shaffer visited with her prior to surgery. Shaffer contends that Brown was extremely hostile and very upset. Brown contends that she was merely a concerned patient. Shaffer cancelled the scheduled surgery.

Brown's sole point of error is that the trial court erred in granting Shaffer summary judgment because there is ample evidence to raise a fact issue on each element of her cause of action. Although Brown's point of

error is stated very broadly, she never mentions negligence in her brief and argues only that Shaffer was not entitled to a summary judgment on the intentional infliction of emotional distress cause of action. Thus, Brown waived appeal of the granting of summary judgment on her negligence cause of action. *See Howell v. Murray Mortg. Co.*, 890 S.W.2d 78, 81 (Tex.App.-Amarillo 1994, writ denied). This court will review only the granting of summary judgment on the cause of action for intentional infliction of emotional distress.

■ A party moving for summary judgment has the burden of establishing both the absence of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). A defendant movant can prevail by establishing conclusively against the plaintiff one factual element of each theory the plaintiff pleaded. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed issue of material fact precluding summary judgment, an appellate court views all evidence in the light most favorable to the nonmovant and resolves all doubts in his favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985). An appellate court will not consider evidence that favors the movant's position unless it is uncontroverted. *Great Am. Reserve Ins.Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). To obtain summary judgment, a defendant need not show that the plaintiff cannot succeed on any theory conceivable; he is only "required to meet the plaintiff's case as pleaded." *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex.1976). If any theory advanced in a motion for summary judgment supports the granting of summary judgment, a court of appeals may affirm, regardless of whether the trial court specified the grounds on which it relied. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623 (Tex.1996).

Paragraph four of Brown's petition complains only about Shaffer's act of negligently discontinuing a surgical procedure on her. Paragraph five states that based on the defendant's actions in the foregoing paragraph, Brown suffered severe emotional distress. The only conduct on which Brown pleaded intentional infliction of emotional distress was the cancelling of the surgery, not the language Shaffer may have used.

As summary judgment proof, Shaffer attached affidavits of Dr. Stephen R. Brown and himself. Shaffer's affidavit stated that when he came into Brown's room the morning of the scheduled surgery, she had "refused a pre-operative procedure by the nurses," she "was extremely hostile and very upset," she "was very angry with her husband, indicated by screaming and throwing things at him," and "some of her hostility was directed at [Shaffer]." Shaffer swore he cancelled Brown's surgery because "her psychological condition did not evidence the acceptance necessary to proceed with such an operation."

The first two paragraphs of Brown's affidavit discussed what happened before the cancelling of the surgery. Her affidavit stated the following:

> While in the pre-operating room, Dr. Shaffer came into the room and for no reason began cussing, yelling at me that I "had a bad attitude." He yelled at me asking "what is your problem, you're not cooperating with anyone here." Lastly, he then told me that "I am not going to do your surgery today." ... I had done nothing to antagonize Dr. Shaffer.

Her affidavit further stated that she did not refuse a pre-operative procedure but "merely asked if it was necessary," that she "asked a few questions about what [she] could expect after the hysterectomy," and that Shaffer's conduct was unprovoked. The final paragraph of Brown's affidavit stated that Shaffer's affidavit was untrue and that there was no yelling-and-throwing argument between Brown and her husband.

Brown's petition alleged a cause of action only for the cancellation of the surgery, not for Shaffer's alleged cursing and yelling. Shaffer's alleged cursing and yelling had no bearing on the cause of action Brown pleaded, and therefore were outside the scope of the pleadings and should not have been considered by the court in determining whether

to grant summary judgment, as the trial judge so found. After the trial judge granted summary judgment, Brown's attorney asked for a trial amendment to expand the pleadings to include Shaffer's cursing and yelling. His request was denied, and he did not appeal that denial. Therefore, we are bound by the trial court's ruling.

■ An intentional infliction of emotional distress cause of action has the following four elements:

(1) the defendant acted intentionally or recklessly,

(2) the conduct was extreme and outrageous,

(3) the conduct caused the plaintiff emotional distress, and

(4) the distress was severe.

*Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). Shaffer's grounds for summary judgment were (1) that Brown did not allege any facts to show that his actions were intentional or reckless; and (2) that as a matter of law, his conduct was not extreme or outrageous.

■ Proof of intent or recklessness requires a showing that the defendant intended to inflict severe emotional distress on the plaintiff. *LaCoure v. LaCoure,* 820 S.W.2d 228, 233 (Tex.App.-El Paso 1991, writ denied). An actor is reckless when the actor knows or has reason to know of facts creating a high degree of risk or harm to another "and deliberately proceeds to act ... in conscious disregard of, or indifference to that risk." *Twyman,* 855 S.W.2d at 624. Generally, intent is a fact question. *Logan v. Mullis,* 686 S.W.2d 605, 608 (Tex.1985).

Brown's affidavit controverted Shaffer's statements that she refused a pre-operative procedure, that she screamed at and threw things at her husband, and that she was hostile toward Shaffer. Brown's affidavit said that she did nothing to provoke Shaffer's conduct.

The final paragraph of Brown's affidavit stated that Shaffer's affidavit was untrue[1]

and that no yelling-and-throwing argument occurred between her and her husband. Under the principal of *expressio unius est exclusion alterius,* Brown's assertion that Shaffer's affidavit is untrue was limited to the alleged yelling-and-throwing argument between her and her husband. "It is a settled rule that the express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others." *State v. Mauritz–Wells Co.,* 141 Tex. 634, 175 S.W.2d 238, 241(943) (quoted in *Texas Industrial Accident Board v. Industrial Foundation of the South,* 526 S.W.2d 211, (Tex.Civ.App.-Beaumont 1975), *aff'd,* 540 S.W.2d 668 (Tex.1976)). By stating in a single paragraph of her affidavit that Shaffer's affidavit was untrue and that no yelling-and-throwing argument occurred between her and her husband, Brown limited her assertion that Shaffer's affidavit was untrue to the alleged yelling-and-throwing argument between her and her husband.

Although Brown denied many of the specific acts, she did not deny that she was upset on the occasion. In Dr. Shaffer's affidavit, he also said when he saw Brown for pre-operative counseling the previous day the following occurred:

During the discussion, Mrs. Brown was tearful and crying; she was upset and expressed a tremendous amount of ambivalence about the surgery. Mrs. Brown mentioned several stress factors impacting on her life to such a degree that she was not decisive about having the surgery. In fact, her decision seemed to be more her husband's idea than her own. After more discussion, Mrs. Brown decided to go through with the surgery.

Brown's affidavit did not dispute this.

In addition to Shaffer's affidavit, the affidavit of Stephen R. Brown, M.D., was attached to the motion for summary judgment. Dr. Brown testified that he has reviewed Dr. Shaffer's progress notes on Brown and her Wadley Regional Medical Center discharge summary. These are documents reasonably relied upon by experts in his field. In his

---

1. Brown's affidavit said, "I have read the affidavit of Dr. Vernon Shaffer, and it is untrue. There was never a yelling and throwing argument between my husband and I. These allegations I respectfully deny."

affidavit he summarized Brown's medical history those documents reflected. He concluded that Dr. Shaffer's acts of cancelling Brown's surgery and offering to schedule another appointment with a counselor adhered to the standard of care. Dr. Brown, however, bases his opinion in part on the reported conduct of Brown, which she has specifically denied. Dr. Brown's affidavit also said that under the circumstances this operation was not an emergency procedure. This was not contradicted by Brown.

■ For an intentional infliction of emotional distress cause of action, the conduct must be so outrageous in character and "extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman,* 855 S.W.2d at 621. Whether a fact finder reasonably may view conduct as sufficiently extreme and outrageous to permit recovery is initially a question of law. *Tarleton State University v. Rosiere,* 867 S.W.2d 948, 952 (Tex.App.-Eastland 1993, writ dism'd by agr.); *Motsenbocker v. Potts,* 863 S.W.2d 126, 132 (Tex.App.-Dallas 1993, no writ).

Shaffer's motion for summary judgment urged that, as a matter of law, his act of cancelling the surgery was not extreme or outrageous. He offered two theories under which this ground supported a summary judgment: (1) because his actions met and/or exceeded the standard of care, they were, as a matter of law, not extreme or outrageous; and (2) Brown presented no evidence that Shaffer's act of cancelling the surgery was extreme or outrageous.

Shaffer first contends that because his actions met and/or exceeded the standard of care, they were, as a matter of law, not extreme or outrageous. A standard of care states a person's duty to another, the breach of which is an element of a negligence cause of action. *See Kemp v. Heffelman,* 713 S.W.2d 751, 752–53 (Tex.App.-Houston [1st Dist.] 1986, no writ). Duty is not an element of an intentional infliction of emotional distress cause of action. Negligence is not mentioned in this appeal. This is not to say that the standard of care cannot be a factor in considering whether there was intentional infliction of emotional distress, but it is not an element of the cause of action.

In two cases, courts of appeals reversed the granting of summary judgment for a defendant physician and held that the summary judgment evidence did not show that, as a matter of law, the conduct was not extreme and outrageous. *See Washington v. Knight,* 887 S.W.2d 211 (Tex.App.-Texarkana 1994, writ denied); *Gross v. Davies,* 882 S.W.2d 452, 453 (Tex.App.-Houston [1st Dist.] 1994, writ denied). In *Washington v. Knight,* a physician attempted to pressure the plaintiff into consenting to nonemergency surgery by telling her that if she did not, Medicare would not pay her husband's medical bills, which exceeded $100,000. *Washington,* 887 S.W.2d 211. The plaintiff sued the physician for intentional infliction of emotional distress, and the trial court granted the physician summary judgment. *Id.* This Court reversed, holding that the physician's conduct reasonably could be considered extreme and outrageous. *Id.* In *Gross v. Davies,* the allegedly extreme and outrageous conduct was an obstetrician's failure to apprise the patient of the risks associated with a second pregnancy, failure to adequately monitor and evaluate both the patient's and fetus's condition, and failure to deliver prior to term. *Gross,* 882 S.W.2d at 453.

■ By the state of the record in this case, the only issue before this court is whether a doctor's postponement of a patient's nonemergency surgery for further counseling, when there is some evidence to suggest a basis therefor, can be extreme and outrageous conduct that intentionally inflicts severe emotional distress. We find under the undisputed circumstances as a matter of law that a cancellation of nonemergency surgery does not constitute extreme and outrageous conduct.

The judgment of the trial court is affirmed.