Tara **REESE** and Donnie Reese, Individually and as Legal Representatives of the Estate of Clarence Cecil Reese, Appellants,

v.

**FORT WORTH OSTEOPATHIC HOSPITAL, INC.** d/b/a Osteopathic Medical Center of Texas; Craig Smith, D.O.; Reid Culton, D.O.; and Roberta J. Beals, D.O., Appellees.

No. 2–01–108–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 26, 2002.

Bernard R. Suchocki, Jerry D. Bullard, Scott A. Cummings, Suchocki, Bullard & Cummings, Fort Worth, for appellants.

E. Earl Harcrow, Craig M. Price, Karen Williams Altaras, Haynes & Boone, LLP, Brian J. Brandstetter, R. Bruce Moon, Robert N. McGehee, Jr., Gwinn & Roby, Fort Worth, for appellees.

PANEL A: HOLMAN and WALKER, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

DAVID L. RICHARDS, Justice.

This appeal presents the question of whether our holding in *Parvin v. Dean*, 7 S.W.3d 264 (Tex.App.-Fort Worth 1999, no pet.), requires that we allow appellants to seek recovery for the death of their viable full-term unborn child where the death resulted from acts of medical negligence. We rule *Parvin does* apply and will affirm the summary judgment order in part, and reverse and remand in part.

Appellants Tara and Donnie Reese are the biological parents of Clarence Reese, a viable fetus who died *in utero* on May 12, 1998. Appellees Craig Smith, Reid Culton, and Roberta Beals were the treating physicians. Appellee Fort Worth Osteopathic Hospital is the medical center where Tara sought treatment for a rapid heartbeat and dizziness prior to Clarence's death.

Appellants brought suit against appellees individually, and as the legal representatives of Clarence Reese, on grounds that appellees' negligence and gross negligence proximately caused Clarence's death. Relying on prior Texas Supreme Court precedent, appellees filed summary judgment motions contending that, as a matter of law, appellants may not recover for injury to or the death of a fetus. Appellees also argue Tara and Donnie Reese could not maintain their individual claims because they were merely bystanders to any injury and thus are prevented, as a matter of law, from any recovery in medical malpractice

cases. The trial court granted appellees' motions in a general summary judgment order.

■ On appeal, appellants contend the right of parents to bring a wrongful death claim for the *in utero* death of their viable fetus, and the existence of a survival cause of action in favor of the fetus, are guaranteed by the equal protection clauses of the Texas and United States Constitutions. This contention is, essentially, the very holding of our court in *Parvin. Id.* at 273–276.

We recognized in *Parvin* the disparate opinions of the Texas Supreme Court[1] in this controversial area of law and concluded that no rational or compelling state interest exists to "justif[y] the wrongful death and survival statutes'[2] unequal application to born babies while at the same time excluding viable but unborn babies and the unequal application to their parents." *Parvin,* 7 S.W.3d at 274.

Appellees invite us to reconsider our decision in *Parvin* and hold that no constitutional violation is presented by a rule of law under which the right of recovery for damages turns on whether the injured child is born alive. Alternatively, appellees argue that the rule in *Parvin* should not be extended to cases involving medical negligence. We decline appellees' invitation and reaffirm our holding in *Parvin* for the reasons discussed therein. In addition, we find no reason why our holding in *Parvin* should not apply to cases involving claims for medical negligence. The contention by appellees that the circum-

stances in this case are legally distinguished from *Parvin* because Tara Reese was a "high risk" patient due to her obesity and pregnancy-induced hypertension may present defenses to appellants' cause of action on the merits, but do not present a legal basis for granting summary judgment on grounds that a cause of action does not exist because Clarence was not live-born.

■ We next address whether Tara and Donnie Reese may maintain individual causes of action against appellees for medical malpractice. Both Tara and Donnie Reese tendered summary judgment evidence in response to appellees' summary judgment motions. That evidence included an affidavit by Dr. Bruce Halbridge, a board certified specialist in obstetrics and gynecology, who stated that the appellee doctors' failure to perform standard fetal diagnostic tests and the failure of the appellee hospital's nursing staff to maintain continuous fetal rate heart monitoring, proximately caused injuries to Tara Reese. According to Dr. Halbridge, a timely Caesarean section delivery would have produced a viable child, thus avoiding what Tara Reese described as a "long and painful delivery" process which produced her still-born child. Both Tara and Donnie Reese provided separate affidavits detailing the painful delivery suffered by Tara, and the resulting emotional mental pain, anxiety, and sadness suffered by them following Clarence's death.

■ The law permits Tara to maintain a cause of action for medical negligence

1. We noted, for example, that the court in *Witty v. American General Capital Distributors, Inc.,* 727 S.W.2d 503, 505 (Tex.1987), held that a viable fetus has no cause of action for injury until subsequent live birth, but also held in *Brown v. Shwarts,* 968 S.W.2d 331, 334 (Tex.1998), that the statute of limitations for negligence that injures a viable fetus be-

gins to run on the date of the *in utero* injury, posing the legal dilemma of how a statute of limitations can commence running *in utero* if a cause of action does not exist at that time.

2. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 71.002(b), 71.021(b) (Vernon 1997).

because she was a patient and produced evidence of damages sufficient to defeat appellees' summary judgment motion. *See Edinburg Hosp. Auth. v. Trevino,* 941 S.W.2d 76, 79 (Tex.1997). Donnie Reese, however, was not a patient of any appellee and, in part, appears to seek individual damages as a bystander to the medical treatment provided to Tara Reese by appellees [3]. The supreme court has specifically held that Texas law does not recognize bystander recovery in medical malpractice cases. *Id.* at 81. Therefore, the trial court's summary judgment disposition of Donnie Reese's individual bystander cause of action in favor of appellees was correct.

The trial court's summary judgment order disposing of Donnie Reese's individual bystander cause of action against appellees is affirmed. The remainder of the summary judgment order is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

---

[3]. On appeal, Donnie Reese suggests he never sought to recover damages under a bystander theory; however, in his summary judgment affidavit he avers he was "at the hospital with my wife Tara throughout her stay. I saw the pain and mental anguish she suffered and, because of my love for her, I suffered with her and experienced mental pain, anxiety and sadness." This statement, coupled with his somewhat ambiguous pleadings, could have reasonably been construed by appellees and the trial court as a claim for damages under a bystander theory of recovery.