IN THE SUPREME COURT OF TEXAS

















IN THE SUPREME COURT OF TEXAS

 

════════════

No. 02-1061

════════════

 

Fort Worth Osteopathic
Hospital, Inc., D/B/A/ Osteopathic Medical Center of Texas, Craig Smith, D.O., and Reid Culton, D.O., 

Petitioners

 

v.

 

Tara Reese and Donnie Reese, Individually and as Legal Representatives of
the Estate of Clarence Cecil Reese, Respondents

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Second District of Texas

════════════════════════════════════════════════════

 

Argued October 8, 2003

 

 

 

Chief Justice Phillips delivered the
opinion of the Court, in which Justice
Hecht, Justice Owen,
JUSTICE O’NEILL, Justice Jefferson,
Justice Wainwright and Justice Brister joined.

 

Justice O=Neill filed a concurring opinion.

 

Justice Smith filed a dissenting
opinion.

 

Justice Schneider did not participate
in the decision.

 

We
again address whether parents of a stillborn child can sue for statutory
wrongful death and survival damages.  This
case presents the new issue of whether foreclosing this claim denies such
plaintiffs and their unborn fetuses their constitutional right to equal
protection of the laws.  Because we
conclude that the Legislature=s
decision to exclude such claims is not unconstitutional, we hold that the court
of appeals erred in concluding that the Equal Protection Clause guarantees
parents the right to bring a wrongful death or survival claim for a stillborn
child.  87 S.W.3d 203, 205.

We
also must decide whether the mother in this case raised a fact issue on her own
claim for medical malpractice.  We hold
that the court of appeals correctly reversed the trial court=s summary judgment, which prohibited
the mother from maintaining her own cause of action for mental anguish.  Id.  We therefore reverse the judgment of the
court of appeals in part, affirm in part, and remand to the trial court for
further proceedings in accordance with this opinion. 

I

Tara
Reese went to the Fort Worth Osteopathic
 Medical Center
emergency room in her seventh month of pregnancy, complaining of a racing pulse
and dizziness.  Doctors determined that
she had a high pulse rate and high blood pressure and sent her to the labor and
delivery room for further observation. 
On multiple occasions through the course of the evening, doctors
monitored the heart tones of the fetus, which were often difficult to
detect.  The following morning the
doctors confirmed that the fetus would be stillborn.  

Tara
and her husband, Donnie Reese, brought suit against Fort Worth Osteopathic
Hospital, Osteopathic Family Medicine Clinics, Craig Smith, D.O., Roberta
Beals, D.O., Reid Culton, D.O., and John Chapman, D.O. (health care providers),
for negligence, gross negligence, and vicarious liability, seeking damages under
the wrongful death and survival statutes and for personal injuries to Tara
Reese.  The trial court granted summary
judgment in favor of all health care providers. 
The Reeses appealed all claims except that against Dr. Chapman.  The court of appeals affirmed the summary
judgment disposing of Donnie Reese=s
individual bystander claim, but reversed the remainder of the summary
judgment,  remanding the case to the
trial court.  The health care providers
petitioned this Court for review, arguing that the court of appeals incorrectly
held that the Reeses could assert wrongful death and survival actions and that
Tara Reese could assert her own individual claim.  Donnie Reese did not appeal the adverse
judgment against his individual claim.

II

At
common law, the death of a person who was physically injured by a defendant=s negligence and died from those
injuries had two important consequences with respect to legal recovery.  First, the decedent=s
own tort action was extinguished. 
Second, third persons who suffered loss by the decedent=s death, like children, parents or a
spouse, lost their right to recover.  W. Page Keeton et al., Prosser and Keeton on the Law of Torts ' 127 at 945 (5th ed. 1984).  To ameliorate this harsh result, the Texas
Legislature followed the lead of the British Parliament and other states and
enacted the wrongful death and survival statutes in 1860 and 1895.  See generally Wex S. Malone, The
Genesis of Wrongful Death, 17 Stan.
L. Rev. 1043 (1965) (detailing the passage of
Lord Campbell=s Act in
England in 1840 and the creation of wrongful death causes of action by American
courts and legislatures after 1838).  Our
wrongful death statute provides: AA
person is liable for damages arising from an injury that causes an individual=s death if the injury was caused by the
person=s or his
agent=s or
servant=s
wrongful act, neglect, carelessness, unskillfullness, or default.@ 
Tex. Civ. Prac. & Rem. Code ' 71.002(b).  Our survival statute provides: AA cause of action for personal injury
to the health, reputation, or person of an injured person does not abate
because of the death of the injured person or because of the death of a person
liable for the injury.@  Id. '
71.021(a).  

In
1987, this Court held that these laws did not modify the common law rule against
recovery with respect to a stillborn fetus. 
Witty v. Am. Gen. Capital Distrib., Inc., 727 S.W.2d 503, 506 (Tex.
1987).  We reasoned in Witty that
the Legislature did not intend the words Aindividual@ or Aperson@ to include an unborn fetus.  Id.
at 504.  Because of the common-law rule
that legal rights were contingent upon live birth, we opined that the
Legislature would have expressly created a wrongful death or survival cause of
action for an unborn fetus if it intended to do so.  Id.
at 505.  In so holding, we expressed no
opinion about whether a fetus is a person in either the philosophical or
scientific sense.  Id.
at 506.  

Since
1987, this Court has repeatedly affirmed its decision in Witty.  See Brown v. Shwarts, 968 S.W.2d 311,
335 (Tex. 1998); Krishnan v.
Sepulveda, 916 S.W.2d 478, 479-80 (Tex.
1995); Pietila v. Crites, 851 S.W.2d 185, 187 (Tex.
1993) (per curiam); Blackman v. Langford, 795 S.W.2d 742, 743 (Tex.
1990) (per curiam); Tarrant County Hosp. Dist. v. Lobdell, 726 S.W.2d 23
(Tex. 1987) (per curiam).  In Brown, we held that a fetus, later
born alive, was a Apatient@ within the meaning of TEX. REV. CIV. STAT. art. 4590i, '
1.03(a)(4), and that the statute of limitations for its wrongful death action
began to run from the date of its prenatal injuries.  The dissent argues that because this
recognized Alegal
injury@ to a
fetus, it implicitly disaffirmed Witty. 
But the Court in Brown explained that its holding was indeed
consistent with Witty.  Brown
held that a fetus achieves the status of a patient whose injuries are entitled
to legal recognition only upon live birth, at which time that status then
relates back to the date of injury for limitations purposes.  Brown, 968 S.W.2d at 335.  In Krishnan, we emphasized that the
Legislature still had not amended the wrongful death and survival statutes to
change our holding in Witty and create a wrongful death or survival
cause of action for loss of a fetus.  Krishnan,
916 S.W.2d at 481.  Relying on the
presumption that legislative inaction is legislative acquiescence, we again
declined to recognize a statutory cause of action when the Legislature had not
altered the statute.  Id.
 at 481.  We also declined to recognize a common law
right to recover for the loss of companionship stemming from the death of a
fetus.  Id.
at 482.  None of these cases raised the
question whether the law violated the Equal Protection Clause.

In
2003, the Legislature did grant the parents of a stillborn child a cause of
action under the Wrongful Death Act.  See
Tex. Civ. Prac. & Rem. Code ' 71.001(4) (defining Aindividual@
under the wrongful death act to include Aan
unborn child at every stage of gestation from fertilization until birth@). 
However, the statute expressly does not apply to claims Afor the death of an individual who is
an unborn child that is brought against . . . a physician or other health care
provider licensed in this state, if the death directly or indirectly is caused
by, associated with, arises out of, or relates to a lawful medical or health
care practice or procedure of the physician or health care provider.@ 
See Tex. Civ. Prac. & Rem. Code ' 71.003(c)(4).  Additionally, the Legislature expressly
stated that the statute operates prospectively only.  See Act of June 2, 2003, 78th Leg., R.S., ch.
822, § 1.04, 2003 Tex. Gen. Laws
2607, 2608.  The parties do not contend
that this case involved anything other than a lawful medical procedure, so this
case would not be covered even if the new statute were applicable.

 The Reeses first urge that we recognize the
repeated error of our jurisprudence in this area and overrule Witty.  Because the Legislature has left the holding
of Witty in place for all suits against health care providers arising
after September 1, 2003,
we decline to overrule Witty for those cases remaining in the court
system that arose before that date.

Next,
the Reeses correctly point out that none of our previous decisions on this
issue address the equal protection arguments that were the basis for the court
of appeals=
decision.  They urge us, as a matter of
first impression, to hold that the wrongful death and survival statutes are
unconstitutional on equal protection grounds.[1]

The
United States Constitution prohibits the government from denying persons equal
protection of the laws.  The Fourteenth
Amendment provides that ANo
State shall . . . deny to any person . . . the equal protection of the laws.@ 
U.S. CONST. amend XIV, ' 1. 
The Texas Constitution contains a similar provision: AAll free men, when they form a social
compact, have equal rights, and no man, or set of men, is entitled to exclusive
separate public emoluments, or privileges, but in consideration of public
services.@  TEX.
CONST. art. 1, '
3.  The parties do not argue any
distinction between these two clauses, and we have said that both guarantees Arequire a similar multi‑tiered
analysis.@  Ford Motor Co. v. Sheldon, 22 S.W.3d
444, 451 (Tex. 2000); see also
Rose v. Doctors Hosp., 801 S.W.2d 841, 846 (Tex.
1990) ("Texas cases echo
federal standards when determining whether a statute violates equal
protection.").  Two classifications
are at issue here.  The first is the
distinction in the wrongful death statute between parents of a stillborn fetus
and parents of a child born alive.  The
second is the distinction under the survival statute between a fetus that dies
in utero and a fetus that is born but dies subsequent to birth.  The United States Supreme Court has held that
the unborn are not included within the protection of the Fourteenth Amendment,
which contains the Equal Protection Clause. 
That Court held in Roe v. Wade, 410 U.S.
113, 158 (1973), Athat the
word >person,= as used in the Fourteenth Amendment,
does not include the unborn.@  While the Supreme Court has acknowledged the
state=s
interest in the life of a fetus before birth, Planned Parenthood v. Casey,
505 U.S. 833, 846 (1992), it has never repudiated its holding in Roe
that the Equal Protection Clause does not apply to a fetus.  The Legislature may therefore extend wrongful
death and survival causes of action only to persons that are born live without
violating the federal Equal Protection clause. 
The Reeses do not argue that our state constitution=s guarantee of equal protection is
broader than or different from the federal constitution in this regard.  See Tex.
Dep=t of
Transp. v. Barber, 111 S.W.3d 86, 106 (Tex.
2003).  In the absence of this showing,
we decline on this record to hold that our state constitution provides
additional protection to fetuses or requires that we abandon the common-law
rule.

A
parent=s claim
for loss of consortium and mental anguish damages for the death of a child is
entirely derivative of the child=s
cause of action against a tortfeasor. 
See generally Diaz v. Westphal, 941 S.W.2d 96, 99 (Tex.
1997).  If the child has no cause of action,
neither do the parents.  It is not a
violation of the Equal Protection Clause to fail to provide parents with a
claim for the wrongful death of a fetus in utero when the Equal Protection
Clause does not prohibit a legislative body from withholding a wrongful death
cause of action from the fetus.  There is
a distinction between the harm that a mother suffers from injury to part of her
body and the loss of a fetus.  Edinburg
Hosp. Auth. v. Treviño, 941 S.W.2d 76, 79 (Tex.
1997); Krishnan, 916 S.W.2d at 481-82. 
The former is a direct cause of action that the mother has in her own
right, while the latter is a derivative claim. 


We
therefore hold that the wrongful death and survival statutes do not violate the
Equal Protection Clause by prohibiting parents of a stillborn fetus from
bringing claims under them.[2] 

III

Next,
we address the court of appeals=
holding that the trial court erred in granting summary judgment for the health
care providers, thereby prohibiting Tara Reese=s
separate cause of action for the damages she suffered as a result of her
doctors= alleged
negligence.  87 S.W.3d at 206.

The
health care providers moved for summary judgment under both Rule 166a(c) and
Rule 166a(i).  Tex. R. Civ. P. 166a(c), 166a(i).  To succeed in a motion for summary judgment
under Rule 166a(c), a movant must establish that there is no genuine issue of
material fact so that the movant is entitled to judgment as a matter of
law.  Tex. R. Civ. P. 166a(c).  In deciding whether there is a disputed issue
of material fact, every doubt must be resolved in favor of the nonmovant and
evidence favorable to the nonmovant must be taken as true.  Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985).  Under Rule 166a(i), a
movant must establish that A[a]fter  adequate time for discovery . . . there is no
evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial.@  Tex.
R. Civ. P. 166a(i); see also Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex.
2002).  To defeat a Rule 166a(i) summary
judgment motion, the nonmovant must produce summary judgment evidence raising a
genuine issue of material fact.  Tex. R. Civ. P. 166a(i); Ford Motor Co. v.
Ridgway, ___ S.W.3d ___, ___(2004). 
A genuine issue of material fact exists if the nonmovant produces more
than a scintilla of evidence establishing the existence of the challenged
element.  Ford Motor Co., ___
S.W.3d at ___; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex.
2000). 

The
health care providers argued in their summary judgment motions that as a matter
of law a bystander cannot recover mental anguish damages in a medical
malpractice case.  Additionally, the
health care providers claimed that Tara Reese failed to present any evidence
that she sustained legally recoverable damages resulting from the health care
providers= alleged
negligence.  The trial court granted both
motions.  The court of appeals reversed
the trial court, holding that Reese presented more than a scintilla of evidence
to support her claims against the health care providers arising from their
negligent care and treatment.  We agree.

Reese
produced an affidavit from another obstetrician stating that her health care
providers failed to monitor her blood pressure or evaluate her tachycardia, and
that such failure fell below the legal standard of care.  The obstetrician=s
affidavit is some evidence that Reese=s
doctors breached their legal duty to provide competent medical care to
her.  See Krishnan v. Sepulveda,
916 S.W.2d 478, 480 (Tex. 1995). 

In
Krishnan, this Court held that mental anguish damages are recoverable
when a doctor=s medical
negligence causes injury, which includes the loss of a fetus.  916 S.W.2d at 480-82.  Although the hospital argues that there is no
evidence of any physical injury to Tara Reese Athat
would not have otherwise occurred,@
we recognized in Krishnan that recovery may be had in this situation Aeven absent proof of physical injury@ other than the loss of the unborn
child.  Id.
at 482.  The elements of a mother=s claim include: (1) a breach of the Alegal duty to provide competent medical
care to [the mother,]@
(2) that Aproximately
caus[es] . . . the loss of her fetus[,]@
(3) Acoupled
with the mental anguish resulting from the loss of an unborn child.@  Id.  We stated in Krishnan, however, that
not all mental anguish resulting from the loss of an unborn child is
recoverable.  Id.  Specifically, we held that parents may not
recover Adamages
for loss of society, companionship, and affection[.]@  Id.


In
Edinburg Hospital Authority v. Treviño, 941 S.W.2d 76, 79 (Tex.
1997), we expanded our holding in Krishnan.  As in this case, the mother in Edinburg
Hospital Authority brought a claim against her doctor for mental anguish
resulting from negligent treatment that allegedly caused her child to be
stillborn.  Id.
at 78.  To prove her mental anguish
damages, she presented 

 

evidence
that she had made preparations in expectation of the arrival of her baby: she
had set aside a room in her home for the baby and purchased furniture for the
room.  She also testified that the loss
of the fetus Astill
hurts [her] like it was yesterday,@
that she carries a clipping of the funeral service with her, and that her
marriage deteriorated after the loss of the fetus.

 

Id.
at 79.  We held that the mother=s evidence related to her grief over the
loss of the fetus as a separate individual, but did not relate to damages
suffered as a result of the mother=s
own injury.  Id.  Because Krishnan was decided after the
trial in Edinburg Hospital Authority, we remanded the case to the trial
court in the interest of justice to allow the mother to present evidence of Amental anguish damages suffered because
of loss of the fetus resulting from an injury to the mother.@ 
Id.

The hospital suggests that Tara Reese only provided evidence
of her grief from the loss of  her unborn
child.  We disagree.  Certainly, there is evidence in the record
that Tara Reese grieved over this loss. 
While such grief may be non-compensable under our law, it is nonetheless
an expected, natural consequence of the loss of an unborn child, and it is not
surprising that Tara Reese=s
affidavit would reflect such grief.  We
believe, however, that the affidavit also raises a fact question as to mental
anguish damages separate and apart from the Aloss
of society, companionship, and affection.@  Reese described a Along
and painful delivery@
that was made even more psychologically traumatic because she had to experience
the delivery Aknowing
[her] baby was dead.@


We conclude that this evidence of mental anguish suffered
during the course of Reese=s
medical treatment is sufficient to raise a fact question regarding compensable
mental anguish damages from her own injury. 
See Krishnan, 916 S.W.2d at 482. 
Consequently, we affirm the court of appeals=
holding that Reese produced sufficient evidence raising material fact issues as
to whether Tara Reese suffered mental anguish damages for her own injury
sufficient to defeat the summary judgment motion.  

* * *

For these reasons, we reverse the court of appeals= judgment in part and affirm in part.  We render judgment that the Reeses take
nothing on their wrongful death and survival claims, and we remand Tara Reese=s individual medical negligence claim
to the trial court for further proceedings in accordance with this opinion.

 

____________________________________

Thomas
R. Phillips

Chief
Justice

 

 

Opinion
delivered:      August 27, 2004

 











[1] In Parvin v. Dean, a case not
appealed to this Court, the court of appeals held that the law violated both
the United
 States
and Texas Constitutions.  7 S.W.3d 264,
274 (Tex. App.BFort Worth 1999, no pet.).  The Parvin court wrote: AWe perceive no rational or compelling
state interest that justifies the wrongful death and survival statutes' unequal
application to born babies while at the same time excluding viable but unborn
babies and the unequal application to their parents.@ 
Id. at 274.  For reasons
we explain below, we reject the Parvin court=s equal protection analysis.





[2] In so holding, we join a number of other
jurisdictions around the country that have reached the same conclusion.  See Marie v. McGreevey, 314 F.3d 136,
141-42 (3d Cir. 2002); Kandel v. White, 663 A.2d 1264, 1269 (Md. 1995); Hernandez v. Garwood,
390 So.2d 357, 359 (Fla. 1980); Justus v. Atchison, 565 P.2d 122, 132 (Cal. 1977).